UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 23-23380-CV-RNS

SHENZHEN HENGZECHEN TECHNOLOGY CO., LTD,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

### DECLARATION OF SHENZHEN HENGZECHEN TECHNOLOGY CO., LTD. IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND ORDER RESTRAINING TRANSFER OF ASSETS

I, Songhua Li, declare and state as follows:

1. I am over 18 years of age, I am a citizen of China and I have personal knowledge of the facts set forth herein.

2. I make this declaration in support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Motion for

TRO").

3. If called upon to do so, I could and would competently testify to the following facts set forth below.

4. I am employed by Plaintiff, SHENZHEN HENGZECHEN TECHNOLOGY CO., LTD,. ("Company") as CEO. Company is a limited liability company organized under the laws of China, with its principal place of business located in Shenzhen, China. Company is an international company which specialized in worldwide distribution of consumer goods including household goods such as under sink waterproof mats.

## Company's Patent Rights

5. On July 12, 2022, the Company filed with the United States Patent and Trademark Office United States Utility Patent, No. US 11,559,140, for a waterproof pad and waterproof structure for a cabinet under a sink and date of patent of January 24, 2023 (referred to as "140 Patent"). A true and correct copy my federal patent registration along with the accompanying images is attached to the Complaint as Exhibit 1.

6. Company is the owner of all rights, title and interest to the 140 Patent, which it created and which it has used in connection with the sale of under sink waterproof cabinet mats.

7. Company uses the waterproof pad and waterproof structure for a cabinet under a sink with a drainage hole feature of the 140 Patent in connection with the manufacturing, advertising, marketing, offer for sale and/or sale of retail items, in authorized e-commerce stores such as Amazon.

8. Company has expended time, money and other resources developing, advertising and otherwise promoting the 140 Patent.

9. Company suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods that embody Plaintiff's 140 Patent.

10. The harm caused by Defendants is both a monetary loss and a damage to the goodwill of the 140 Patent.

**Defendants' Infringement**

11. After conducting due diligence and careful consideration, company discovered Defendants were manufacturing, promoting, advertising, offering for sale and/or selling goods using the 140 Patent, without authorization, through e-commerce stores operating under the seller identities named in Schedule A attached to the Complaint as an Exhibit.

12. Company conducted a search which has established that Defendants are using various storefronts including but not limited to; Amazon and other e-commerce platforms, to sell and offer to sell products to consumers in the United States and the State of Florida, including the Southern District of Florida, utilizing company's 140 Patent without authorization.

13. Prior to filing this lawsuit, Company or someone under company's direction and supervision personally accessed Defendants' Internet based e-commerce stores operating under their respective seller identifications through the Amazon e-commerce platform, as identified on Schedule A (hereinafter "Seller IDs"), attached to the Complaint as an Exhibit.

14. Upon accessing each of the e-commerce stores, either Company or someone under its direction and supervision was able to view advertisements for products utilizing its 140 Patent, add products to the online shopping cart, and proceed to a point of checkout, for each of Defendants' e-commerce store. Web page captures and screenshots were taken of the infringing products and orders were initiated via Defendants' Seller IDs.

15. Prior to filing this lawsuit, Company or someone under its direction and supervision analyzed each of the screenshots and photographs of the products shown, as they appeared on

Defendants' online e-commerce stores, and determined that products are being offered for sale to residents of the United States and the State of Florida using copies which embody the 140 Patent.

16. Company has not assigned, licensed or authorized any of the Defendants to use the 140 Patent.

### Irreparable Injury

17. Every time Defendants offer to sell and/or sell a product using Company's 140 Patent there is a direct loss to Company.

18. Monetary damages cannot adequately compensate for Defendants' ongoing infringement because monetary damages fail to address the loss of control over Company's intellectual property and goodwill.

19. The ability of Defendants to manufacture, reproduce, modify, distribute and/or display unauthorized copies of products that embody the 140 Patent for their own commercial benefit without compensation to Company impairs the market value of the 140 Patent since others competing with Defendants' businesses, or in related business areas, will not want to obtain a license to the 140 Patent if it is already associated with a competing business. In addition, potential licensees of the 140 Patent will not want to pay license fees if they see other commercial enterprises using products which perform substantially the same overall function or work, in substantially the same way and substantially the same overall result as the 140 Patent for their own commercial purposes without paying any fee at all.

20. Loss of quality control over goods sold utilizing Company's 140 Patent without Company's authorization is neither calculable nor precisely compensable.

21. As a result of Defendants flooding the e-commerce marketplace with unauthorized copies of the 140 Patent, it is highly probable that Company will continue to suffer irreparable harm unless Defendants' infringing activity is stopped.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of October 2023.

Signature: *Songhua Li*

Name: *Songhua Li*

as authorized representative for
SHENZHEN HENGZECHEN
TECHNOLOGY CO., LTD,