UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 23-23380-CV-RNS

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

### SEALED PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO CONDUCT EXPEDITED THIRD-PARTY DISCOVERY AND MEMORANDUM OF LAW

Plaintiff SHENZHEN HENGZECHEN TECHNOLOGY CO., LTD (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby respectfully requests leave to conduct expedited discovery of third party ecommerce platforms and payment processors Amazon, PayPal. In support of his request, Plaintiff states:

1. Plaintiff filed the present action on September 4, 2023 to combat the willful and intentional patent infringement of his patent, namely, a utility patent (hereinafter "Plaintiff's Patent") registered with the United States Patent and Trademark Office ("USPTO"). Plaintiff holds an exclusive patent registration, which Plaintiff utilizes for the selling, marketing and promotion of retail goods. (ECF No. 8).

2. Plaintiff brought the present action to combat the Defendants' knowing and intentional promotion, advertisement, display, distribution, offering for sale and use of the Plaintiff's Patent on the Defendants' stores operating on ecommerce platforms such as

1

Amazon, under their respective Seller IDs, all listed in Schedule A to the Amended Complaint. (ECF No. 8).

2. As described in the Amended Complaint and Plaintiff's *Ex Parte* Motion for Alternate Electronic Service, Defendants are believed to be foreign nationals and/or operating businesses. *See* ECF No. 8 and ECF No. 13. As a result, Plaintiff is unable to ascertain the true identities and financial account information associated with the Seller IDs and URL links provided in Schedule "A."

3. On October 17, 2023, Plaintiff filed a Motion for Temporary Restraining Order. (ECF No. 12). It is Plaintiff's intention that if this Court should grant his Motion for Temporary Restraining Order and Motion for Alternate Electronic Service, its undersigned counsel will immediately contact the ecommerce platforms, which are third-parties hosting the infringing ecommerce stores identified on Schedule "A." *See* ECF No. 8.

4. However, Plaintiff will not have a meaningful opportunity to pursue the injunctions against the Defendants identified on Schedule "A" by e-commerce Seller IDs and e-mail notice without the opportunity to receive more identifying information for the individuals behind the Seller IDs and e-mails. For example, without the ability to seek expedited discovery as requested, Plaintiff is unable to identify true names and identities and purchase or sales history over the relevant time period. Plaintiff is unable to implement an asset freeze against Defendants' accounts without this information.

5. In addition, the information in control by the third party e-commerce platforms is necessary to help the Plaintiff identify all the accounts involved in the Defendant's infringing schemes.

6. Plaintiff has provided a proposed order which incorporates the relief requested

herein.

## MEMORANDUM OF LAW

"The Federal Rules of Civil Procedure provide that discovery *may commence before* the parties have engaged in a discovery conference, if ordered by the court." *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (citing Fed.R.Civ.P. 26(d), (f)). Moreover, "[c]ontrol of discovery is committed to the sound discretion of the trial court[.]" *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987) (citations omitted). "A district court has the discretion to order expedited discovery if the party seeking it establishes 'good cause' for such discovery." *Mineola Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No. 6:20-cv-2081-Orl-78LRH, 2020 WL 10357241, at *1 (M.D. Fla. Dec. 8, 2020) (quoting *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 7376655, at *2 (M.D. Fla. Jan. 29, 2016)). "Good cause can be shown by establishing some impelling urgency which necessitates action forthwith and excuses giving notice to the other party." *Ghaffari v. Collins Tower Ass'n*, No. 13-21037-CIV, 2013 WL 12141254, at *1 (S.D. Fla. June 18, 2013).

"Courts generally find good cause in cases in which . . . the plaintiff seeks a preliminary injunction." *Burns v. City of Alexander City*, No. 2:14-cv-350-MEF, 2014 WL 2440981, at *1 (M.D. Ala. May 30, 2014) (citing *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). A Court may consider the following factors in determining whether a party has demonstrated sufficient good cause to grant the instant motion:

(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; (5) how far in advance of the typical discovery process the request is made. *St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, No. 6:13-cv-333-Orl-28,

3

2013 WL 1502184, at *1 (M.D. Fla. Apr. 12, 2013) (citation omitted).

District Courts throughout the Southern District of Florida have permitted expedited discovery to allow a plaintiff to mitigate any further irreparable harm caused by a defendant's ongoing infringement scheme. *See Frugality, Inc. v. The Individuals, Partnerships and Unincorporated Associations Identified in Schedule "A,"* Case No.: 1:21-cv-23025-BB (S.D. Fla. May 12, 2022, Bloom, J.); *TracFone Wireless, Inc. v. CNT Wireless LLC*, No. 1:19-cv-24325, 2019 WL 5863911, at 2 (S.D. Fla. Nov. 8, 2019) (finding that expedited discovery is warranted so that TracFone may mitigate any additional irreparable harm caused by Defendants' alleged ongoing scheme."); *Kevin Harrington Enterprises, Inc. v. Bear Wolf, Inc.*, 1998 WL 35154990 (S.D.Fla. 1998) (likelihood of irreparable harm shown where infringement leaves plaintiff without the ability to control its own reputation).

Plaintiff respectfully submits that it has demonstrated good cause for seeking expedited discovery. As to the first factor, Plaintiff has sufficiently established a viable claim of patent infringement through the Amended Complaint and its accompanying declarations and exhibits filed with this Court. In addition, Plaintiff has a Motion for Temporary Injunction pending. ECF No. 12.

Second, Plaintiff's requested relief is sufficiently tailored to provide a reasonable scope of information to 1) identify the Defendants and 2) identify the accounts used in the infringement. This information is essential for Plaintiff to provide alternate electronic service of the instant action and any hearings that may be set by this Court. In addition, the information will assist the Plaintiff in mitigating any additional irreparable harm caused by the Defendants' ongoing infringement scheme.

Third, the need for this Plaintiff's expedited discovery is compelling where the

Defendants are not able to be readily identified by more than a Seller ID or email address. That the Defendants are believed to be foreign nationals and operate out of foreign jurisdictions makes Plaintiff's effort to ascertain the true identity of the Defendants or any financial accounts related to the Defendants' infringing conduct nearly impossible without the relief requested herein.

Fourth, the burden on the opponent is not onerous. The information is readily available to the third party e-commerce platform and sufficiently tailored to prevent any overreaching or undue burden to either the third party e-commerce platform or the Defendants.

Lastly, Plaintiff recognizes the time-sensitive nature for the relief requested through the motion for temporary restraining order, motion for alternate service and expedited discovery. Indeed, the law requires for a plaintiff to move quickly to preserve an opportunity for temporary and potentially permanent injunctive relief. The Eleventh Circuit has held that "[a] delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal - militates against a finding of irreparable harm." *Wreal, LLC v. Amazon*, 840 F.3d 1244, 1248 (11th Cir. 2016).

Based on the above, Plaintiff reasonably requests the following expedited discovery from the e-commerce platforms:

(i) all information, financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" to the Amended Complaint in this action;

(ii) all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to the TRO entered in this action;

(iii) an accounting of all funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to;

(iv) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained;

(v) the true identities including names, addresses, email addresses, and IP addresses, of each person who registered, are listed in, logged into, used, or who otherwise handled or is associated with the financial/payment processing accounts of all Defendants;

(vi) the full list of stores and associated financial/payment processing account;

(vii) the full list of stores and associated financial/payment processing accounts opened, operated by, or at any time used by the Defendants.

WHEREFORE, Plaintiff respectfully requests for this Honorable Court to grant his requested for expedited discovery.

Respectfully Submitted this 17th day of October, 2023.

**LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
Attorneys for Plaintiff
8950 SW 74 Ct., Suite 1804
Miami, Fl 33156
Telephone: (786) 220-2061
Facsimile: (786) 220-2062
Email: hrubio@rubiolegal.com
Email: frubio@rubiolegal.com
Email: info@rubiolegal.com

By:/s/ *Humberto Rubio*
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433
Felipe Rubio, Esq.
Florida Bar No. 123059