**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-CV-23380 SCOLA-GOODMAN**

XYZ CORPORATION,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

      Defendant.

_____/

**SEALED ORDER ON PLAINTIFF'S MOTION TO LEAVE TO**
**CONDUCT EXPEDITED THIRD-PARTY DISCOVERY**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Leave to Conduct

Expedited Third-Party Discovery, (ECF No. 14) ("Motion"). The Court has reviewed the

Motion and is otherwise duly advised and for the reasons stated herein, said motion is

GRANTED.

On September 4, 2023, Plaintiff SHENZHEN HENGZECHEN TECHNOLOGY

CO., LTD ("Plaintiff") filed the present action for patent infringement alleging that

Defendants, through e-commerce stores, are advertising, promoting, marketing, offering

for sale, displaying and soliciting for sale, using Plaintiff's federally registered patent in

violation of federal patent law. (ECF No. 8).

The Expedited Discovery Request requires that third party internet marketplace platforms provide information to Plaintiff, including the true names and identities of the Defendants and their purchase and sales history over several years. The third-party internet marketplace platforms are also required to implement an asset freeze against Defendants' accounts.

The third party platforms are required to comply by assisting to identify all accounts involved in the Defendants' alleged counterfeiting schemes and provide Plaintiff with information necessary to permit it to comply with this Court's order authorizing alternate service of process.

In the instant case, the Court finds that good cause exists to grant Plaintiff's request to seek limited expedited discovery from the following third-party platforms and any subsidiaries or umbrella corporations that maintain third-party platforms that include: Amazon. The discovery shall be limited to:

(i) all information, financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" to the Amended Complaint in this action;

(ii) all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to the TRO entered in this action;

(iii) an accounting of all funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to;

(iv) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained;

(v) the true identities including names, addresses, email addresses, and IP addresses, of each person who registered, are listed in, logged into, used, or who otherwise handled or is associated with the financial/payment processing accounts of all Defendants;

(vi) the full list of stores and associated financial/payment processing account

(vii)   the full list of stores and associated financial/payment processing accounts opened, operated by, or at any time used by the Defendants.

The discovery request here seeks only to obtain information to identify the Defendants and the accounts used in the infringement in order to properly serve Defendants with notice of this action and the scheduled preliminary injunction hearing.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion, ECF No. 14, is GRANTED.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on October 19, 2023.


Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE


**Copies furnished to:**
The Honorable Robert N. Scola Jr.
All Counsel of Record