United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Shenzhen Hengzechen Technology Co., Ltd., Plaintiff,<br><br>v.<br><br>The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A", Defendants. | Civil Action No. 23-23380-Civ-Scola |

### Order Granting Motion for Preliminary Injunction

This cause comes before the Court upon the Plaintiff's *Ex-Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Motion") (ECF No. 12) and upon the hearing held on October 31, 2023. The Plaintiff, Shenzhen Hengzechen Technology Co., Ltd. ("Plaintiff") moves for entry of a preliminary injunction against the Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Amended Complaint (collectively, the "Defendants"), pursuant to 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a). The Court has carefully reviewed the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

The Court convened a hearing on **October 31, 2023**, at which only counsel for the Plaintiff was present and available to present evidence supporting the Motion. The Defendants have not formally responded to the Motion, nor made any filings in this case, or appeared in this matter either individually or through counsel. Because the Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court **grants** the Motion for a preliminary injunction. (**ECF No. 12**.)

1. **Factual Background**[1]

On September 4, 2023, the Plaintiff filed the present action for patent infringement, alleging that the Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, and using Plaintiff's federally registered patent in violation of federal

---

[1] The factual background is taken from the Plaintiff's Amended Complaint, Motion for Preliminary Injunction, and supporting evidentiary submissions.

patent law. (ECF No. 8.)

The Plaintiff owns one (1) United States Utility Patent, No. US 11,559,140, for a waterproof pad and waterproof structure for a cabinet under a sink with a drainage hole feature (hereinafter "Plaintiff's Patent" or "140 Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. (*See* Ex. 1 to Pl.'s Am. Compl., ECF No. 8-1.)  The Plaintiff demonstrated it is the owner of the 140 Patent by submitting copies of the U.S. Utility Patent No. US 11,559,140, which is dated January 24, 2023. (*See id.*; *see also* Pl.'s Decl. ¶ 5, ECF No. 10.)

The Plaintiff is the owner of all rights, title, and interest to the 140 Patent, which has been used in connection with the manufacturing, advertising, offer for sale and/or sale of Plaintiff's waterproof pad and waterproof structure for a cabinet under a sink with a drainage hole feature. (Pl.'s Decl. ¶¶ 6–7, ECF No. 10.) The Plaintiff advertises, offers for sale, and sells the under sink waterproof pad/mat with a drainage feature depicted in the 140 Patent in authorized e-commerce stores such as Amazon. (*Id.* ¶ 7.) The Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the 140 Patent. (*Id.* ¶ 8.) The Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods embodying the 140 Patent. (*Id.* ¶¶ 9, 17–21.)

Without the Plaintiff's permission or license, the Defendants are manufacturing, promoting, selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's 140 Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A to the Amended Complaint. (*See* Ex. 2 to Pl.'s Am. Compl., ECF No. 8-2; *see also* Pl.'s Decl. ¶¶ 11–16, ECF No. 10.)

Prior to initiating this lawsuit, the Plaintiff, or someone under the Plaintiff's direction and supervision, personally accessed the Defendants' Internet based e-commerce stores, analyzed screenshots and photographs of the products being sold at the stores, and determined that the products embody the Plaintiff's Patent. (*See* Pl.'s Decl. ¶¶ 13–15, ECF No. 10.) As part of its request for injunctive relief, the Plaintiff provided representative web page captures and order samples from each of the Defendants' Internet based e-commerce stores. (*See* Schedule B to Rubio Decl., ECF No. 11-1.) A simple comparison of the Defendants' goods with Plaintiff's 140 Patent evidences the Defendants' infringement of the Plaintiff's exclusive patent as the images of the Defendants' infringing goods embody Plaintiff's 140 Patent. (*Compare* Ex. 1 to Pl.'s Am. Compl., ECF No. 8-1 *with* Schedule B to Rubio Decl., ECF No. 11-1;

*see also* Pl.'s Decl. ¶¶ 11–16, ECF No. 10.)

### 2. Legal Standard

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam).

The Supreme Court held that in patent disputes, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity." *ebay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). Furthermore, the Patent Act provides that courts may grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement. *Id.* at 392 (quoting 35 U.S.C. § 283).

### 3. Analysis

The declarations submitted by the Plaintiff in support of Motion for Preliminary Injunction (Declaration of Plaintiff, ECF No. 10, and Declaration of Humberto Rubio, ECF No. 11), as well as the evidence presented at the preliminary injunction hearing, support the following conclusions of law:

A.  The Plaintiff has a strong probability of proving at trial that the products the Defendants are selling and promoting for sale embody Plaintiff's Patent without authorization.

B.  Because of the infringement of the 140 Patent, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in the Plaintiff's Amended Complaint, Motion for Preliminary Injunction, and accompanying declarations, and evidence deemed introduced at the preliminary injunction hearing, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers because it is more likely true than not that:

    1.  The Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing infringing products in violation of the Plaintiff's rights; and

    2.  There is good cause to believe that more infringing products embodying Plaintiff's Patent will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the

quality of these products.

C. The balance of potential harm to the Defendants in restraining their trade in infringing goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, and its reputation as the owner of the 140 Patent.

D. The public interest favors issuance of the preliminary injunction to protect the Plaintiff's interests in its patent, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

E. The Plaintiff may be entitled to recover damages as provided by 35 U.S.C. § 289 and 35 U.S.C § 284.

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the infringing business, and the likelihood that the Defendants have violated federal patent laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, upon review of the Plaintiff's Amended Complaint, Motion for Preliminary Injunction, and supporting evidentiary submissions, the Court **grants** the Plaintiff's Motion for a Preliminary Injunction (**ECF No. 12**), under the terms set forth below:

(1) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are hereby restrained and enjoined until further order of this Court:

> a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products embodying the Plaintiff's Patent; and
>
> b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, embodying the Plaintiff's Patent; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products embodying the Plaintiff's Patent; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive

possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

(2) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue, until further order of this Court, the use of any unauthorized copies of the Plaintiff's Patent on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3) The Defendants may not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

(4) Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Amazon, Amazon Pay, Walmart, Paypal, Temu and shein and their related companies and affiliates (collectively, the "Third Party Providers"), shall to the extent not already done,

   a. Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

   b. Continue to provide Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); and (ii) an accounting of the total

funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(5) Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6) This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Patent at issue in this action and/or unfairly competing with Plaintiff.

(7) As a matter of law, this Order shall no longer apply to any of the Defendants or associated e-commerce store names dismissed from this action or as to which the Plaintiff has withdrawn its request for a preliminary injunction.

(8) This preliminary injunction shall remain in effect during the pendency of this action, or until further order of this Court.

(9) Pursuant to Federal Rule of Civil Procedure 65(c), the Plaintiff shall maintain its previously posted bond in the amount of **Ten Thousand Dollars and Zero Cents ($10,000.00)**, as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

**Done and ordered** in Miami, Florida, on October 31, 2023.

_____
Robert N. Scola, Jr.
United States District Judge