UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

XYZ CORPORATION.,

                Plaintiffs,

- against –

THE INDIVIDUALS, PARTERNSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

                Defendants,

**Case No. 1:23-cv-23380-RNS**

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISSOLVE THE PRELIMINARY INJUCTION AND ORDER RESTRAINING TRANSFER OF ASSETS**

Jianyin Liu, Esq. 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157

Shan Zhu, Esq.
Shan Zhu Law Group, P.C.
3511-B Farrington Street #335
Flushing, NY 11354

## Table of Content

**STANDARD OF REVIEW** ...................................................................................................... 4

    **I.** **MOTION TO VACATE OR MODIFY A PRELIMINARY INJUNCTION** ........................................ 4

    **II.** **PRELIMINARY INJUNCTION** ................................................................................................ 4

**ARGUMENT** ............................................................................................................................. 5

    **I.** **PLAINTIFF FAILED TO SHOW A LIKELIHOOD OF SUCCESS ON THE MERITS AS IT DOES NOT HOLD A VALID PATENT** ................................................................................................................ 5

        **B.** *Plaintiff's Combination of the Elements in Prior Arts Claims yield Predictable Results* .. 11

        **C.** *Plaintiff's Noncompliance with the Duty of Disclosure Further Invalidates the Patent* .... 14

    **II.** **THE RESTRAINING ORDER IS UNNECESSARY AS THE PLAINTIFF IS NOT ENTITLED TO DAMAGES.** ...................................................................................................................................... 16

    **III.** **PLAINTIFF FAILED TO SHOW IRREPARABLE HARM AS IT FAILED TO EXERCISE ITS RIGHT TO EXCLUDE.** ................................................................................................................................. 17

**CONCLUSION** ....................................................................................................................... 20

CASES

*Amazon. com, Inc. v. Barnesandnoble.com*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) ---------------- 5

*Aventis Pharma Deutschland GmbH v. Lupin, Ltd.*, 499 F.3d 1293, 1303 (Fed. Cir. 2007) ---------- 8

*Blue-Grace Logistics LLC v. Fahey*, 340 F.R.D. 460, 465 (M.D. Fla. 2022) ------------------- 17

*Borden, Inc. v. Occidental Petro. Corp.*, 381 F. Supp. 1178, 1203-04 (S.D. Tex. 1974) ------------- 9

*Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974). -------------------- 5

*Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) ----------------- 4

*Coupe v. Royer*, 155 U.S. 565, 15 S. Ct. 199, 39 L. Ed. 263, 1895 Dec. Comm'r Pat. 163, 1895 U.S. LEXIS 2106 (1895) ------------------------------------------------------------- 17

*Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) --------------- 4

*Diamondback Firearms, LLC v. Saeilo, Inc.*, No. 6:10-cv-1664-Orl-28DAB, 2012 U.S. Dist. LEXIS 156895, at *22 (M.D. Fla. Nov. 1, 2012) ----------------------------------------- 6

*Favia v. Indiana University of Pennsylvania, 7 F.3d 332, 337 (3rd Cir. 1993)* -------------------- 4

*FTC v. Roca Labs, Inc.*, No. 8:15-cv-2231-T-35TBM, 2017 U.S. Dist. LEXIS 228788, at *7 (M.D. Fla. Apr. 13, 2017) ------------------------------------------------------------ 5

*Hvlpo2, LLC v. Oxygen Frog, LLC*, No. 4:16cv336-MW/CAS, 2019 U.S. Dist. LEXIS 242117, at *14 (N.D. Fla. Feb. 20, 2019) ------------------------------------------------- 14

*In re Nilssen* 851 F.2d 1401 at 1402, 7 USPQ2d at 1501 (Fed. Cir. 1988) -------------------- 12

*KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 415, 419, 127 S. Ct. 1727, 167 L. Ed. 2d 705 (2007)  8, 12, 13, 15

*Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1160-61 (Fed. Cir. 2007) -------------- 12

*Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1284 (S.D. Fla. 2007) ---------------------- 15

*Millennium Funding, Inc. v. 1701 Mgmt. LLC*, No. 21-cv-20862, 2021 U.S. Dist. LEXIS 153554, 2021 WL 3618227, at *9 (S.D. Fla. Aug. 16, 2021) ------------------------------------- 18

*Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995) -------------------------- 14

*Pals Grp., Inc. v. Quiskeya Trading Corp.,* No. 16-cv-23905, 2017 U.S. Dist. LEXIS 18567, 2017 WL 532299, at *6 (S.D. Fla. Feb. 9, 2017) ----------------------------------------- 18

*Pierce Mfg. v. E-One, Inc.*, No. 8:18-cv-617-T-30TGW, 2019 U.S. Dist. LEXIS 223900, at *5-6 (M.D. Fla. Nov. 5, 2019) ----------------------------------------------------- 5

*Polaris Pool Sys. v. Great Am. Waterfall Co.*, No. 8:05-CV-1679-T-TGW, 2006 U.S. Dist. LEXIS 7220, at *10-11 (M.D. Fla. Feb. 7, 2006) -------------------------------------------- 4

*Regents of Univ. of Cal. v. Broad Inst., Inc.*, 903 F.3d 1286, 1291 (Fed. Cir. 2018) ---------------- 14

*Revision Military, Inc. v. Balboa Manufacturing Co*., 700 F.3d 524, 525 (Fed. Cir. 2012) ----------- 5

*Titan Tire Corp. v. Case New Holland, Inc.,* 566 F.3d 1372 at 1376 (Fed. Cir. 2009) ------------- 5, 6

*Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009) ---------------- 5

*Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ---------------------- 17

*Woods v. DeAngelo Marine Exhaust, Inc*., 692 F.3d 1272, 1286 (Fed. Cir. 2012) ---------------- 8

STATUES

35 U.S.C. § 103(a) ------------------------------------------------------------- 7, 15

35 U.S.C.S. § 287 ---------------------------------------------------------------- 17

37 C.F.R. § 1.56(a) (2004) ------------------------------------------------------- 15

**Standard of Review**

I.     **Motion to Vacate or Modify a Preliminary Injunction**

There are no time constraints on a court to vacate or modify a preliminary injunction. *Polaris Pool Sys. v. Great Am. Waterfall Co.*, No. 8:05-CV-1679-T-TGW, 2006 U.S. Dist. LEXIS 7220, at *10-11 (M.D. Fla. Feb. 7, 2006) citing *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). However, "modification of an injunction is proper only when there has been a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." *Id.* Citing *Favia v. Indiana University of Pennsylvania, 7 F.3d 332, 337 (3rd Cir. 1993)*.

The Court noted "[a]ny Defendant . . . subject to this Order may petition the Court to modify the asset restraint set out in this Order. ECF Dkt. No. 22 ¶ 6.

II.     **Preliminary Injunction**

A preliminary injunction may be granted only if the plaintiff demonstrates (1) a substantial likelihood of prevailing on the merits; (2) a significant risk of suffering irreparable harm if the injunction is not granted; (3) that the potential injury to the plaintiff outweighs the potential harm the injunction may cause the opposing party; and (4) that granting the injunction will not disserve the public interest. *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

"[A] preliminary injunction enjoining patent infringement pursuant to 35 U.S.C. § 283 'involves substantive matters unique to patent law and, therefore, is governed by the law'" of the Federal Circuit. *Pierce Mfg. v. E-One, Inc.*, No. 8:18-cv-617-T-30TGW,

2019 U.S. Dist. LEXIS 223900, at *5-6 (M.D. Fla. Nov. 5, 2019) (citing *Revision Military, Inc. v. Balboa Manufacturing Co.*, 700 F.3d 524, 525 (Fed. Cir. 2012))

A patentee cannot obtain a preliminary injunction unless it establishes both a likelihood of success on the merits and irreparable harm. *Amazon. com, Inc. v. Barnesandnoble.com*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

A district court maintains continuing jurisdiction over a preliminary injunction. *FTC v. Roca Labs, Inc.*, No. 8:15-cv-2231-T-35TBM, 2017 U.S. Dist. LEXIS 228788, at *7 (M.D. Fla. Apr. 13, 2017) citing *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974). "In the exercise of that jurisdiction, the court is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law, or for any other good reason." *Id.*

## Argument

I. **Plaintiff Failed to Show a Likelihood of Success on the Merits as It Does Not Hold a Valid Patent**

To demonstrate a likelihood of success on the merits on its patent infringement claim, Plaintiff must show that (1) it will likely prove that the Responding Defendants infringe one or more claims of the Plaintiff's Patent, and (2) that it will likely withstand Defendant's challenge to the validity of the claims. *Titan Tire Corp. v. Case New Holland, Inc.,* 566 F.3d 1372 at 1376 (Fed. Cir. 2009).

Because patents are presumed valid, 35 U.S.C. § 282, a defendant asserting invalidity as an affirmative defense bears the burden of proving invalidity by clear and convincing evidence at trial. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009). In the preliminary injunction context, once an alleged infringer

presents evidence of invalidity, the movant must respond with contrary evidence and bears the burden of persuading the court that, "despite the challenge presented to validity, the [movant] nevertheless is likely to succeed at trial on the validity issue." *Id.* at 1377. "[I]f the trial court concludes there is a '*substantial question*' concerning the validity of the patent, meaning that the alleged infringer has presented an invalidity defense that the [movant] has not shown lacks substantial merit, it necessarily follows that the patentee has not succeeded in showing it is likely to succeed at trial on the merits of the validity issue." *Id.* at 1379. (Emphasis added). Said differently, after reviewing the available evidence, the court must determine "*whether it is more likely than not that the challenger will be able to prove at trial, by clear and convincing evidence, that the patent is invalid.*" *Id.* (Emphasis added).

In this case, the Plaintiff's Patent is invalid due to obviousness and the Plaintiff's failure to fulfill the duty to disclose the prior arts to the USPTO.

**A. The Plaintiff's Patent is Deemed Invalid Due to Obviousness**

As per 35 U.S.C. § 103, "[a] patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." *Diamondback Firearms, LLC v. Saeilo, Inc.*, No. 6:10-cv-1664-Orl-28DAB, 2012 U.S. Dist. LEXIS 156895, at *22 (M.D. Fla. Nov. 1, 2012) quoting 35 U.S.C. § 103(a).

"While an analysis of any teaching, suggestion, or motivation to combine

elements from different prior art references is useful in an obviousness analysis, the overall inquiry must be expansive and flexible." *Id*. (citing *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 415, 419, 127 S. Ct. 1727, 167 L. Ed. 2d 705 (2007))

". . . [T]he obviousness analysis is a common sense test, and '[i]f a person of ordinary skill . . . would have found the invention [a] predictable and achievable variation or combination of the prior art, then the invention likely would have been obvious.'" *Id*. citing *Woods v. DeAngelo Marine Exhaust, Inc*., 692 F.3d 1272, 1286 (Fed. Cir. 2012) (internal citation omitted). Like anticipation, obviousness is evaluated "'on a claim-by-claim basis.'" *Id*. Citing *Aventis Pharma Deutschland GmbH v. Lupin, Ltd*., 499 F.3d 1293, 1303 (Fed. Cir. 2007) (internal citation omitted).

Although "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art," *KSR*, 550 U.S. at 418, a "combination of familiar elements according to known methods" is likely to be obvious when it "does no more than yield predictable results." *KSR*, 550 U.S. at 416.

The USPTO published an Examination Guidelines establishes seven rationales under KSR which justify a finding of obviousness:

> (A) Combining prior art elements according to known methods to yield predictable results;
> (B) Simple substitution of one known element for another to obtain predictable results;
> (C) Use of known technique to improve similar devices (methods, or products) in the same way;
> (D) Applying a known technique to a known device (method, or product) ready for improvement to yield predictable results;
> (E) "Obvious to try"--choosing from a finite number of identified, predictable solutions, with a reasonable expectation of success;

(F) Known work in one field of endeavor may prompt variations of it for use in either the same field or a different one based on design incentives or other market forces if the variations would have been predictable to one of ordinary skill in the art;
(G) Some teaching, suggestion, or motivation in the prior art that would have led one of ordinary skill to modify the prior art reference or to combine prior art reference teachings to arrive at the claimed invention.

*Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 563 F. Supp. 2d 1016, 1037 (N.D. Cal. 2008) citing *KSR* 550 U.S. 398.

### A. Plaintiff's Claims Are Known in Prior Arts

Plaintiff's patent contains 20 claims, which were known in prior arts.

Plaintiff's Patent contains the following features:

Claim 1: 1) pad body, 2) waterproof fence around an edge of the pad body, 3) a foldable drainage hold.

1) The pad body and the fence are described below:

Claims 6, 11, 19 state: The waterproof pad according to claim 2, (1), and (14), wherein the thickness of the waterproof pad is 1.8 mm and the height of the waterproof fence is 17 mm.
Claims 8, 20 state: The waterproof pad according to claim 2, (14), wherein the overall material of the waterproof pad is an elastomer material.
Claim 13 states: The waterproof pad according to claim 1, wherein the overall material of the waterproof pad is an elastomer material.
Claim 14 states: A waterproof structure for a cabinet under a sink, including the waterproof pad as claimed in claim 1.
Claims 15-17 state the overall structure is for a cabinet under a sink.
Claim 5: the pad body has a honeycomb pattern design.
The Plaintiff's claims number 6, 8, 11, 13, 14, 19, and 20 concern the overall design of the under sink cabinet mat which is made of elastomer material and the size of the pad.

2) The drainage hole is described below:

Claim 2 & 3: the hemispherical drainage hole (made of elastomer material Claim 7) is in a convex shape which can be folded downward to draining water.
Claim 4 & 9 & 18: the drainage hole is at least equal to a height of the fence.

These specifications were specifically published by other sellers at least one year

before the claimed prior date which is August 3, 2021.

A practical definition of "prior art" is as follows:

> Anything in tangible form that may properly be relied upon by the Patent Office under the Patent Statutes and the Patent Office Rules of Practice in Patent Cases in support of a rejection on a matter of substance, not form, of a claim in a pending application for patent.
> 5 Deller § 453 at 361 (1972).
>
> [T]he "field" of prior art under the Patent Act of 1952, and especially under Sections 102 and 103, is very comprehensive and includes: (1) an invention -- (a) that was a matter of public knowledge within the United States or ***in use within the United States by anyone other than the applicant for patent***, or (b) patented, or (c) ***described in a printed publication anywhere in the world*** before the invention by the applicant for patent; . . . .
> *Id*. at 363-64 (1972).

*Borden, Inc. v. Occidental Petro. Corp.*, 381 F. Supp. 1178, 1203-04 (S.D. Tex. 1974)(emphasis added).

The claims involving the overall under sink cabinet design made by an elastomer material were offered for sale by an Amazon seller at least as early as November 11, 2019. Below is the image of the said product (the "2019 Mat Design"):





Here, the 2019 Mat Design clearly contains similar size and same material to the Plaintiff's Design. The 2019 Mat Design is also made by silicone. The mere difference between the Plaintiff's Design and the 2019 Mat Design is the foldable drain hole. Sdpeia Decl. ¶¶ 11 Exh. G. Additionally, the 2019 Mat Design uses the pulling edge method to drain the water while, alternatively the Plaintiff's Design uses the foldable drain hole.

The foldable drain hole design that is made by elastomer material and at least equal to the height of the fence was published in a Funnel Design illustrated below:



The Funnel Design was awarded the 2016 Red Dot award (thereafter the "Funnel

10

Design"). Sdpeia Decl. ¶¶ 8-10 Exh. D. The Funnel Design is further patented. SDPEIA Decl. ¶¶ 11 Exh. G. Specifically, the patent claims: facilitate loading and pouring of liquids. *Id*.

In November 2020, Defendant SDPEIA has published an ice making product. SDPEIA Decl. ¶¶ 19-20. The published ice making product adopted the foldable drain hole design. See below for 3D illustration for the ice making product.



Apparently, the Plaintiff's Patent is merely combining the above two designs which a person of ordinary skill will be able to fit the teaching of the designs together, substitution of one known element for another, and/or use of known technique to improve similar devices in the same way.

B. **Plaintiff's Combination of the Elements in Prior Arts Claims yield Predictable Results**

The Supreme Court opined that common sense serves a critical role in determining obviousness. *KSR*, 550 U.S. 398, 421. As the Court explained, common sense teaches that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle. *Id*. Such a combination is more likely to be obvious where it "'simply arranges old elements with each performing the same function it had been known to perform' and yields no more than one would expect from

such an arrangement." *Id*. at 1740 (internal quotation omitted).

After *KSR*, Courts recognized that "[c]ommon sense has long been recognized to inform the analysis of obviousness if explained with sufficient reasoning." *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1328 (Fed. Cir. 2009).

Here, as illustrated above, combining the 2019 Mat Design and Funnel Design are obvious to a person of ordinary skill. *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1160-61 (Fed. Cir. 2007) (rejecting argument that prior-art device did not have same functionality as patent claim, even though one was mechanical and one was electronic).

The *KSR* Court considered the obviousness of a claim directed to an adjustable automobile throttle pedal combined with an electronic sensor. The relevant prior art included a patent that disclosed an adjustable pedal and another that disclosed an electronic sensor. The Court held that it saw "little difference between the teachings of [the relevant prior art] and the adjustable electronic pedal disclosed in [the claim]. A person having ordinary skill in the art could have combined [the adjustable pedal] with a pedal position sensor in a fashion encompassed by [the claim], and would have seen the benefits of doing so." *KSR*, 127 S. Ct. at 1743.

In *In re Nilssen*, an invention would monitor the current output, and if the current output exceeded some threshold for a specified short time, an actuation signal was sent, and the inverter was disabled to protect it from damage. 851 F.2d 1401 at 1402, 7 USPQ2d at 1501 (Fed. Cir. 1988).

The prior art ("USSR device") is a device for protecting an inverter circuit in an

undisclosed manner via a control means. Another prior art (Kammiller) disclosed disabling the inverter in the event of a high-load current condition to protect the inverter circuit. That is, the overload protection was achieved by disabling the inverter by means of a cutoff switch.

The Court found "it would have been obvious to one of ordinary skill in the art to use the threshold signal produced in the USSR device to actuate a cutoff switch to render the inverter inoperative as taught by Kammiller." *Id*. at 1403, 7 USPQ2d at 1502.

Similarly, combining the foldable hole described in Funnel Design to hold and/or release water collected by the "2019 Mat Design" is obvious to one of ordinary skill in the art.

"An obviousness determination requires a finding that a person of ordinary skill in the art would have been motivated to combine . . ." *Hvlpo2, LLC v. Oxygen Frog, LLC*, No. 4:16cv336-MW/CAS, 2019 U.S. Dist. LEXIS 242117, at *14 (N.D. Fla. Feb. 20, 2019) quoting *Regents of Univ. of Cal. v. Broad Inst., Inc.*, 903 F.3d 1286, 1291 (Fed. Cir. 2018).

Here, presented by the "2019 Mat Design", customers need to remove the water from the mat. See SDPEIA Decl. ¶¶ 12 Exh. H. The number of ways to remove water, utilizing gravity, from a platform is identifiable. SDPEIA Decl. ¶¶ 26. Exh. L.

The Supreme Court has held that "obvious to try" is a valid motivation to combine:
> When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense. In that instance the fact that a combination was obvious to try might show that it was obvious under

§ 103.

*KSR*, 550 U.S. at 421.

The offered under-sink mat is designed to collect leaked water from the sink and is designed to withhold more than 3 gallons of water, which is about 25 pounds. Sdpeia Decl. ¶¶ 24-25. The need to remove the water without moving the mat is warranted. The method that allows water to be drained, using gravity, from the mat while not impairing its ability to withhold water can be identified. *Id*. The same combination was designed by SDPEIA in the above-referenced ice making product. Therefore, the Plaintiff's Design is obvious.

Therefore, the Plaintiff's Design is invalid because of obviousness.

**C. Plaintiff's Noncompliance with the Duty of Disclosure Further Invalidates the Patent**

Patent applicants have a duty to treat the USPTO with candor and good faith, which includes the duty to disclose information known to the applicant to be material to patentability. *Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1284 (S.D. Fla. 2007) citing 37 C.F.R. § 1.56(a) (2004).

Inequitable conduct may be found when a patentee or his attorney breaches this duty of disclosure by failing to disclose material information with the intent to mislead or deceive. *Id*. citing *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995). As a threshold, the challenger must prove two prongs: 1) that the information withheld was material and 2) that the withholding was done with an intent to deceive. *Id.*

The effect of a finding of inequitable conduct is that the patent becomes unenforceable as a whole. *Id*. (internal citation omitted).

14

As discussed above, the Funnel Design was patented, published, and awarded the Red Dot award. The Red Dot Design Award is a reputable international award. Sdpeia Decl. ¶¶ 8 Exh. D. The Plaintiff's Design of the foldable drain hole is based on the Funnel Design. Therefore, the Funnel Design is a material prior art. The publicly available products, 2019 Mat Design, a material prior art, is also concealed by the Plaintiff. Specifically, the Plaintiff noted in its background of the disclosure that "the countermeasures to solve the problem of water leakage are generally to lay a layer of plastic fiber mats covered with aluminum film, plastic water-draining glue boards, or paste a layer of self-adhesive aluminum foil on the bottom surface of the cabinet, but these film mats leak water in the sewer pipe." See Exh. 1 ECF Dkt. No. 8. It is untrue as the silica gel is already applied to the 2019 Mat Design.

The Plaintiff's intent to deceive is proved by circumstantial evidence. The Plaintiff, in support of its motion for alternative service, stated: "few defendants purport to provide any type of a physical address to these third-party platforms much less a valid, accurate, and verifiable physical address." ECF Dkt. No. 13 ¶¶ 8. The Plaintiff further states "Any internet store operator can input any physical address so that it is not verifiable any typically false and or inaccurate. Even where a physical address is known, it is not a reliable way to locate and or identifying Defendant." *Id.* ¶¶ 9. However, Plaintiff knows this statement is inaccurate as the Plaintiff itself is an Amazon Seller. Sdpeia Decl. ¶¶ 3. It is Amazon's policy that stores need to provide an address and such an address needs to be verified. *Id.* ¶¶ 4-5 Exh. B. Specifically, Amazon sends verification codes via physical postcards to the address provided for verification

purposes. *Id.* The Plaintiff, who went through the verification, now claiming the address is unverifiable only to deceive the Court and evade its duty to serve the Defendants via Hague Convention. The Plaintiff further alleges difficulty because the sellers are using Chinese characters notwithstanding the Plaintiff is a Chinese resident. ECF Dkt. No. 13 ¶¶ 8. Additionally, it is known to the Plaintiff, as an Amazon Seller, that the store name of a seller is often time associated with trademark registration on USPTO. The USPTO requires applicants to provide domicile address on record. Zhu Decl. ¶¶ 6-7. In order to obtain advantage in the process of service, the Plaintiff concealed all those information from the Court.

Since the Plaintiff failed its duty to disclose material prior art with an intend to deceive, the Court should find Plaintiff's inequitable conducts and invalid Plaintiff's Patent.

**II.     The Restraining Order is Unnecessary as the Plaintiff is not Entitled to Damages.**

35 U.S.C.S. § 287 provides (a) Patentees . . . selling within the United States . . . , may give notice to the public that the same is patented, . . . . In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

The Supreme Court has ruled Patentee cannot recover for infringement unless the article is marked "patented" or notice is given. *Coupe v. Royer*, 155 U.S. 565, 15 S. Ct.

16

199, 39 L. Ed. 263, 1895 Dec. Comm'r Pat. 163, 1895 U.S. LEXIS 2106 (1895). This district Court

In this case, the Plaintiff failed to allege any notice either by marking the product or issuing notice to the Defendants. ECF Dkt. No. 8 *in general*. Additionally, the instant lawsuit was filed under seal until November 3. Therefore, no damage shall be recovered by the Plaintiff as no notice was given to the Responding Defendants.

Since no monetary damage shall be awarded, restraining asset, account transfer is clearly unnecessary.

### III.   Plaintiff Failed to Show Irreparable Harm as it Failed to Exercise its Right to Exclude.

As discussed above, credible evidence shows the Plaintiff's patent is invalid due to obviousness. Thus, the Plaintiff should not be entitled to any presumption of irreparable injury.

Furthermore, assuming the Plaintiff owns a valid patent design, which is not the case, the Plaintiff's right to exclude is not harmed because the Plaintiff has never exercised any control since the invention. The Plaintiff claims a priority base on its China registration filed on August 3, 2021, two years before the Plaintiff took any action.

Preliminary injunctions are "premised on the need for *speedy and urgent* action to protect a plaintiff's rights before a case can be resolved on its merits." *Blue-Grace Logistics LLC v. Fahey*, 340 F.R.D. 460, 465 (M.D. Fla. 2022) quoting *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016). A plaintiff's failure to act speedily undermines his claim that his injuries are irreparable. Indeed, "unexplained delays of a few months negate any claim of irreparable harm on a preliminary injunction

17

motion" and many courts "typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." *Id*. Citing *Pals Grp., Inc. v. Quiskeya Trading Corp.,* No. 16-cv-23905, 2017 U.S. Dist. LEXIS 18567, 2017 WL 532299, at *6 (S.D. Fla. Feb. 9, 2017); and *Millennium Funding, Inc. v. 1701 Mgmt. LLC*, No. 21-cv-20862, 2021 U.S. Dist. LEXIS 153554, 2021 WL 3618227, at *9 (S.D. Fla. Aug. 16, 2021) (Bloom, J.) (collecting cases denying injunctive relief after plaintiff delayed for between two and twelve months)

Here, the Plaintiff's delay in properly enforcing its patent is well evidenced. The Plaintiff, a Chinese national, failed to take any action after obtaining the China registration which was granted on June 6, 2022. Zhu Decl. ¶¶ 3. As alleged, most of the sellers are Chinese residents. ECF Dkt. No. 13 ¶¶ 8. Thus, China would have competent jurisdiction over the now asserted claims as almost all parties reside in China. After obtaining the patent in China, the Plaintiff failed to send any notice to any Defendants nor allege the patent was fixed on the products. See Amended Compl. ECF Dkt. No. 8. The Plaintiff sought registration in the U.S on July 12, 2022. See *Id*. Exh. 1. The Plaintiff's Patent was later registered in the U.S. on January 24, 2023. *Id*.

Despite, as alleged, 80 stores on Amazon.com are selling products with the Plaintiff's Design, the Plaintiff waited until September 2023 to enforce its Patent. See *Id*. Exh. 2. Schedule A. The allegedly infringing products were available for public sale before the Plaintiff sought registration in the U.S. SDPEIA Decl. ¶¶ 22.

As the docket reflects, the Plaintiff initiated this lawsuit on September 4, 2023. See Compl. ECF Dkt. No. 1. The Court on October 13, 2023 noted that "Despite the

fact that the Court's order was entered approximately a month ago, the majority of those materials have not been filed, including the Plaintiff's anticipated motions for a temporary restraining order. . ." ECF Dkt No. 9. Eventually, on October 17, 2023, one and half month later, and upon Court order, the Plaintiff filed its belated motion for a temporary restraining order. ECF Dkt. No. 12. The Plaintiff's non-compliance with the Court order is further noted by the Court. ECF Dkt. No. 27.

The significate delays mitigated Plaintiff's alleged irreparable harm if any.

Given the Plaintiff's significant delay in filing the restraining order (one and half month after filing the Complaint, ten months from the time the Plaintiff's Design was patented, one year and three months after the Plaintiff's Design was patented in China), the Court should decline to find irreparable harm if any.

## IV. The Restraining Order is Inappropriate as it Unfairly Prejudice the Responding Defendants.

The Order restraining the transfer of assets, transfer ownership of the Seller IDs is inappropriate because, as discussed above, the Plaintiff is not entitled to any monetary award. Therefore, restraining the Defendants' assets is unnecessary and significantly prejudices the Responding Defendants.

The Plaintiff in its motion for a temporary restraining order argues that the Plaintiff will be entitled to the payment of reasonable royalties and lost profits. As discussed above, the monetary judgment is not available to the Plaintiff under the circumstances.

Additionally, other than the products involving the Plaintiff's design, the Responding Defendants' Amazon account also sells a number of other items. See e.g

19

Sdpeia Decl. ¶¶ 27. Freezing the Responding Defendant's entire account will substantially prejudice against the Responding Defendant's lawful business.

## Conclusion

In light of the above, the Plaintiff's utility Patent is invalid because of obviousness and the Plaintiff's inequitable conduct by concealing prior arts from the USPTO. The Plaintiff failed to show a likelihood of success on the merit. The Court should dissolve the Preliminary Injunction. ECF Dkt. No. 22.

Additionally, the Plaintiff failed to show irreparable harm due to the substantial delay in enforcing its utility patent. The Court should dissolve the preliminary injunction.

Lastly, the Plaintiff's failure to provide notice or affix the patent to the products disqualifies them from seeking any monetary judgment. Therefore, the preliminary injunction, restraining all reliefs other than removing the products in dispute is excessive and unfairly prejudicial against the Responding Defendants.

Therefore, the Responding Defendants respectfully request the Court to dissolve the Preliminary Injunction imposed upon them.

/s/ Jianyin Liu
Jianyin Liu, Esq. 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C Palmetto Bay, FL 33157
Ph: (305) 209 6188
Counsel for Zhuhai Saide Cross-border E-Commerce Co., Ltd. Shenzhen Zeyou Zhicheng Technology Co., Ltd. Shenzhen Magnus Technology Co., Ltd. and Shanghai Yi'an New Materials Co., Ltd..

/s/ Shan Zhu
Shan Zhu
Shan Zhu Law Group, P.C.
3511-B Farrington Street #335
Flushing, NY 1135
Counsel for Defendants *Shenzhen Zeyou Zhicheng Technology Co., Ltd., Zhuhai Saide Cross-border E-Commerce Co., Ltd., Shenzhen Magnus Technology Co., Ltd., and Shanghai Yi'an New Materials Co., Ltd.*