UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| XYZ CORPORATION., <br><br> Plaintiffs, <br><br> - against – <br><br> THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants, | Case No. 1:23-cv-23380-RNS |

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS

Jianyin Liu, Esq. 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157

Shan Zhu, Esq.
Shan Zhu Law Group, P.C.
3511-B Farrington Street #335
Flushing, NY 11354

## Table of Content

**STANDARD OF REVIEW** ..................................................................................................................... 3

    MOTION TO DISMISS UNDER RULE 12(B)(6) ............................................................................................. 3

**ARGUMENT** ............................................................................................................................................. 3

    I.    PLAINTIFF'S AMENDED COMPLAINT IS SILENT AS TO ITS COMPLIANCE WITH THE MARKING STATUTE. .................................................................................................................................................... 3

    II.   THE COURT SHOULD DISMISS PLAINTIFF'S REQUESTS FOR RELIEF PURSUANT TO 35 U.S.C. § 289 AS PLAINTIFF FAILED TO ALLEGE ANY INFRINGEMENT OF A DESIGN PATENT .................................. 6

**CONCLUSION** ......................................................................................................................................... 6

## Standard of Review
**Motion to Dismiss under Rule 12(b)(6)**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted).

A claim must be dismissed under Rule 12(b)(6) if the complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's Amended Complaint failed to allege its compliance with the Marking Statute, 35 U.S.C.S. § 287. As a result, the plaintiff is not entitled to any damages, at least until the present time.

## Argument

**I. Plaintiff's Amended Complaint is silent as to its compliance with the Marking Statute.**

As presented in Defendants motion to dissolve the temporary restraining order

and preliminary injunction, 35 U.S.C.S. § 287 provides (a) Patentees . . . selling within the United States . . . , may give notice to the public that the same is patented, . . . . In the event of failure so to mark, *no damages shall be recovered* by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice. (Emphasis added).

The notice should be done by: 1) fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or 2) by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, . . . , that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. 35 U.S.C.S. § 287.

The Supreme Court has ruled Patentee cannot recover for infringement unless the article is marked "patented" or notice is given. *Coupe v. Royer*, 155 U.S. 565, 15 S. Ct. 199, 39 L. Ed. 263, 1895 Dec. Comm'r Pat. 163, 1895 U.S. LEXIS 2106 (1895).

The Supreme Court and Federal Circuit have stated that patentees bear the burden of pleading and proving actual notice to the infringer. See *Dunlap v. Schofield*, 152 U.S. 244, 248, 14 S. Ct. 576, 38 L. Ed. 426, 1894 Dec. Comm'r Pat. 224 (1894) ("[T]he duty of alleging and the burden of proving either [marking or notice] is upon the plaintiff."); *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir.

4

2017) ("The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." (citing *Dunlap*, 152 U.S. at 248)); *Sentry Prot. Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) ("More relevant to the present case is the Supreme Court's statement, in reference to both actual notice and marking, that 'the duty of alleging and the burden of proving either of these facts is upon the plaintiff.'" (citing *Dunlap*, 152 U.S. at 248)). It is appropriate to whether Plaintiff has sufficiently pleaded compliance with § 287 on a Rule 12(b)(6) motion, see *Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (affirming Rule 12(b)(6) dismissal where patentee did not sufficiently allege compliance with § 287(a) and therefore "has not stated a claim on which relief may be granted").

Here, the Amended Complaint was silent as to notice but conclusive statements about the Defendants' knowledge. See ECF Dkt. No. 8 ¶¶ 22, 26, 28.

The Court should not accept the conclusive statement as true. Even if the Court accepts Plaintiff's allegation of Defendants' knowledge as true, which it should not, the infringer's knowledge of the patent is irrelevant to whether the patentee provided actual notice under § 287(a). See *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) ("It is irrelevant [under § 287] . . . whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under [§] 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." (citation omitted)).

Due to the silence on the Amended Complaint, the Court should dismiss Plaintiff's claims for damage and pre-judgment interest.

While §287(a) states "[f]iling of an action for infringement shall constitute such notice", the Court should not find constructive notice as this matter was filed under seal until November 3, 2023. 35 U.S.C.S. § 287. The Complaint is not served or otherwise notified until after the Court issuance of the Temporary Restraining Order. Plaintiff did not provide any notice any time before Defendants enjoyed from offering the products in dispute. Therefore, Plaintiff is not entitled to any damage until at least the present time.

## II.    The Court Should Dismiss Plaintiff's Requests for relief pursuant to 35 U.S.C. § 289 as Plaintiff failed to allege any infringement of a design patent

Plaintiff, in its Amended Complaint, requests the Court to award a judgment pursuant to 35 U.S.C. § 289. ECF Dkt. No. 8 ¶¶ 44, ¶ 10 G. The 35 U.S.C. § 289 means to provide an additional remedy for only design patent. 35 U.S.C. § 289. Here, the alleged patent in dispute is Plaintiff's utility patent. *Id.* ¶¶ 1. Therefore, the Court should dismiss Plaintiff's relief requested under 35 U.S.C. §289.

### Conclusion

Hence, the Defendants respectfully request the Court to dismiss Plaintiff's claims for damage and prejudgment interest on the judgment amount at least until present. The Court should also dismiss Plaintiff's claims alleged under 35 U.S.C. § 289.

Date: November 17, 2023

/s/ Jianyin Liu
Jianyin Liu, Esq. 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C Palmetto Bay, FL 33157
Ph: (305) 209 6188
Counsel for Zhuhai Saide Cross-border E-

/s/ Shan Zhu
Shan Zhu
Shan Zhu Law Group, P.C.
3511-B Farrington Street #335
Flushing, NY 1135
Counsel for Defendants *Shenzhen Zeyou Zhicheng Technology Co., Ltd.,*

| | |
|---|---|
| Commerce Co., Ltd. Shenzhen Zeyou Zhicheng Technology Co., Ltd. Shenzhen Magnus Technology Co., Ltd. and Shanghai Yi'an New Materials Co., Ltd.. | *Zhuhai Saide Cross-border E-Commerce Co., Ltd., Shenzhen Magnus Technology Co., Ltd., and Shanghai Yi'an New Materials Co., Ltd.* |