UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 23-23380-CV-RNS

SHENZHEN HENGZECHEN
TECHNOLOGY CO., LTD.,
Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE THE
PRELIMINARY INJUNCTION AND ORDER RESTRAINING TRANSFER OF ASSETS**

Plaintiff Shenzhen Hengzechen Technology Co., Ltd. ("Plaintiff"), by and through undersigned counsel, hereby opposes Defendants' Motion to Dissolve the Preliminary Injunction and Order Restraining Transfer of Assets (ECF No. 40).

**I.      INTRODUCTION**

In an effort to confuse and delay this action, Defendants Zhuhai Saide Cross-border E-Commerce Co., Ltd. (Defendant #4 SDPEIA Store in Schedule A), Shenzhen Zeyou Zhicheng Technology Co., Ltd. (Defendant #12 Zeeyoocc in Schedule A), Shenzhen Magnus Technology Co., Ltd. (Defendant #2 WOH BAY in schedule A), and Shanghai Yi'an New Materials Co., Ltd. or Shanghai Yi'an xin cai liao Youxiangongsi (by transliteration) (Defendant #13 SHYAXCL in Schedule A)(collectively "Defendants") seek the dissolution of the Court's preliminary injunction (ECF No. 22), but their Motion fails to meet their burden to produce evidence in support of their requested relief. Defendants have not shown that Plaintiff is unlikely to succeed on the merits. Importantly, Defendants do not dispute that their products do in fact infringe Plaintiff's U.S. Patent

No. 11,559,140 (the "140 Patent"). Instead, their arguments focus on the validity and enforceability of the 140 Patent. On both arguments, despite having the burden of proof, Defendants fail to present any actual supporting evidence.

Defendants also argue that Plaintiff delayed in filing its request for a preliminary injunction, claiming that delay shows Plaintiff did not suffer irreparable harm. However, Defendants misconstrue the law and the facts of the case, particularly the beginning point in time to calculate the purported delay and rely on cases that are not analogous to the rigorous pre-complaint patent infringement investigation required of a patentee, specifically in light of the fact that Plaintiff's Complaint originally included 80 Defendants.

Defendants' final argument that Plaintiff is not entitled to damages is in direct contradiction to the governing statute, 35 U.S.C. § 284, their own evidence and the relevant case law which clearly shows that Plaintiff is indeed entitled to relief against Defendants. For the foregoing reasons, as more fully explained below, the Court should deny Defendants' Motion and continue to enforce the preliminary injunction through the pendency of this action.

## II.     LEGAL STANDARD

A decision to grant or deny a preliminary injunction in a patent case is within the sound discretion of a district court, based upon its assessment of four factors: (1) the likelihood of the patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest. *Trebro Mfg., Inc. v. FireFly Equip., LLC*, 748 F.3d 1159, 1169 (Fed. Cir. 2014); *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374, 1377 (Fed. Cir. 1998). See also *Schiavo ex. real Schindler v. Schiavo*, 403 F.3d 1223 (11th Cir. 2005)(per curiam).

With respect to establishing a likelihood of success on the merits, all issued patents carry a presumption of validity. An accused infringer can overcome the presumption only by demonstrating a substantial question of validity or infringement. *BlephEx, LLC v. Myco Indus.*, 24 F.4th 1391, 1399 (Fed. Cir. 2022); *Trebro*, 748 F.3d at 1169. While the ultimate burden is on the patentee to show it is likely to succeed on the merits, the initial burden is on the accused infringer "to produce some evidence to raise a substantial question of validity." *BlephEx*, 24 F.4th at 1399.

With respect to establishing irreparable harm in a patent case, "[a] clear showing of validity and infringement creates a rebuttable presumption of irreparable harm." *Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1581 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 996 (1983); *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973 (Fed. Cir. 1996). An accused infringer also bears the burden of overcoming this presumption by producing evidence showing a lack of irreparable harm. *Polymer Techs.*, 103 F.3d at 974. The presumption may be rebutted by evidence showing: (1) the accused infringer has or will soon cease the allegedly infringing activities thereby making an injunction unnecessary; (2) the patentee has granted licenses under the patent, showing that reasonable royalty damages are sufficient; or (3) the patentee unduly delayed bringing suit. *Id.* (internal citations omitted). "Because of the very nature of a patent, which provides the right to exclude," an accused infringer must clearly negate irreparable harm. *Id.* at 975.

### III. ARGUMENT

#### A. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

##### 1. THE 140 PATENT IS NOT INVALID AS OBVIOUS

A patent claim is invalid as obvious "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the

effective filing date of the claimed invention to a person having ordinary skill in the art." 35 U.S.C. § 103. "[A] patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007). Instead, the legal conclusion of invalidity is based on the following factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of nonobviousness. *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 928 (Fed. Cir. 2012). At the preliminary injunctions phase, an accused infringer must present some evidence regarding these factors to overcome the presumption that a patent is valid. *BlephEx*, 24 F.4th at 1403 (holding that "conclusory attorney argument" is not enough to show invalidity). Here, Defendants have not presented sufficient evidence regarding each of the factors and have failed to satisfy their burden.

      **a.**  **The SDPEIA Ice Making Product Is Not Prior Art**

First, Defendants have not properly established the scope and content of the prior art. Under 35 U.S.C. § 102(b)(1), disclosures made less than one year before a patent's priority date are not prior art. Plaintiff's 140 Patent has a priority date of August 3, 2021. (*See* Ex. A.) Therefore, under § 102(b)(1), only references with a date before August 3, 2020 may be considered prior art. Defendants claim the Ice Making Product was published in November 2020. (ECF 40-1 at 11.) Because this date is later than August 3, 2020, the Ice Making Product cannot be considered prior art. It should be completely disregarded in the Court's analysis.

Indeed, it would be reversible error to consider the Ice Making Product in an obviousness analysis. *See Trebro Mfg., Inc. v. FireFly Equip., LLC*, 748 F.3d 1159, 1169 (Fed. Cir. 2014) (reversing district court's denial of a preliminary injunction based on erroneous consideration of prior art). In *Trebo*, the plaintiff's patent was filed and issued in 2012, but had a priority date going

4

back to 2005. *Id.* at 1162. The district court denied the plaintiff's request for a preliminary injunction, finding there was a substantial question of the patent claims' validity on obviousness grounds. *Id.* at 1165. In reaching its decision, the district court relied upon testimony regarding products that were available on the market in 2006, and two patents that emerged less than a year prior to February 2005. *Id.* at 1165, 1169. The Federal Circuit held that it was clearly erroneous to disregard the patent's priority date, and the products available in 2006 could not be considered prior art to a 2005 invention. *Id.* at 1169. The Federal Circuit also found that the patents that emerged less than a year before the patent's priority date could not qualify as prior art. *Id.*

        b.        **Defendants Do Not Present Sufficient Evidence to Withstand Their Burden of Showing Plaintiff's 140 Patent Is Obvious.**

Defendants argue in a conclusory manner that it would have been obvious to combine the 2019 Mat Design and Funnel Design, but they do not provide any evidence in support of the argument. (ECF 40-1 at 11-12.) It is not sufficient to merely argue that it would have been common sense to combine two references. *BlephEx*, 24 F.4th at 1403; *Metalcraft of Mayville, Inc. v. Toro Co.*, 848 F.3d 1358, 1366 (Fed. Cir. 2017). Instead, an accused infringer must "identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does. This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418-19 (2007).

In *BlephEx*, the Federal Circuit affirmed the issuance of a preliminary injunction because the accused infringer failed to present any actual evidence about what a person of ordinary skill in the art might do. 24 F.4th at 1400-01. The accused infringer, Myco, did not explain whether a skilled artisan would have been motivated to combine prior art references. *Id.* at 1403. "Myco

5

offers nothing other than attorney argument as to what the highly skilled artisan would do. Although Myco need not present the kind of evidence that would be required at trial, a substantial question of validity cannot be manufactured through mere supposition about what an artisan with highly advanced skill in the medical field might do." *Id.* at 1401.

Similarly, in *Metalcraft of Mayville, Inc. v. Toro Co.,* the Federal Circuit affirmed the district court's entry of a preliminary injunction where the accused infringer failed to raise a substantial question of validity. *See* 848 F.3d at 1367. There, the accused infringer argued that the patent claim at issue would have been obvious in light of two prior art references. *Id.* at 1366. Specifically, the accused infringer argued that all of the elements of the patent claim were contained in the two references and a skilled artisan would have been motivated to combine them. *Id.* However, the accused infringer did not provide any "explanation or reasoning for concluding that one of skill in the art would have combined these particular references to produce the claimed invention." *Id.* at 1367. As a result, the Federal Circuit held that "[w]ithout any explanation as to how or why the references would be combined to arrive at the claimed invention, we are left with only hindsight bias that *KSR* warns against." *Id.* (citing *KSR*, 550 U.S. at 421).

*BlephEx* and *Metalcraft* are directly on point. Defendants do not explain why a person of skill in the art would have been motivated to combine the 2019 Mat Design and the Funnel Design. Without any evidence in support of its obviousness argument, the Defendants have not met their burden of proof.

### 2. PLAINTIFF DID NOT COMMIT INEQUITABLE CONDUCT

Defendants have similarly failed to meet their burden of showing that Plaintiff committed inequitable conduct before the U.S. Patent Office ("Patent Office"). Inequitable conduct is an affirmative defense to patent infringement that, if proved, bars enforcement of a patent.

6

*Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc) (noting that "the remedy for inequitable conduct is the 'atomic bomb' of patent law."). To prevail on a claim of inequitable conduct at the preliminary injunction phase, an accused infringer must provide evidence that the patentee misrepresented or omitted material information with the specific intent to deceive the Patent Office. *Purdue Pharma L.P. v. Boehringer Ingelheim GmBH*, 237 F.3d 1359, 1366 (Fed. Cir. 2001). If an accused infringer is able to come forward with evidence, the patentee then bears the burden of showing the claim lacks substantial merit. *Id.* In a case involving non-disclosure of information, proving deceptive intent requires the accused infringer to show that the patentee (1) knew of the withheld reference, (2) knew it was material, and (3) made a deliberate decision to withhold it from the Patent Office. *Id.* at 1290.

Here, Defendants have not produced any evidence whatsoever to meet the first two elements, and their purported evidence relating to the third element is irrelevant and inaccurate. First, Defendants have not shown that Plaintiff knew of the 2019 Mat Design or the Funnel Design. "The applicant's duty to the Patent Office is … one of candor about what he knows. Failure to cite prior art does not breach that duty if he did not know of the prior art." *Tennant Co. v. Hako Minuteman, Inc.*, 651 F. Supp. 945, 957 (N.D. Ill. 1986). Because Defendants have not produced any evidence showing that Plaintiff knew of these references, it has not met its burden of showing that Plaintiff committed inequitable conduct before the Patent Office.

In addition, Defendants have not shown that the 2019 Mat Design and Funnel Design were material. Under *Therasense*, the type of materiality required is "but for" materiality, which means that the Patent Office would not have issued the patent if it had received the allegedly withheld references. *Therasense*, 649 F.3d at 1291. "A reference is not but-for material … if it is merely cumulative." *Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1350 (Fed. Cir. 2017). A

reference is cumulative when it "teaches no more than what a reasonable examiner would consider to be taught by the prior art already before the PTO." *Regents of the Univ. of Calif. v. Eli Lilly & Co.*, 119 F.3d 1559, 1575 (Fed. Cir. 1997).

The 2019 Mat Design and the Funnel Design are not but-for material because they are <u>cumulative of the prior art already considered by the examiner</u>. Defendants claim the 2019 Mat Design is material prior art because it already used silica gel, and the Funnel Design is material prior art because Plaintiff's design of the "foldable drain hole is based on the Funnel Design." (ECF 40-1 at 15.) However, the 2019 Mat Design and the Funnel Design are cumulative of at least four prior art references the examiner cited on the face of the 140 Patent. First, the examiner cited International Patent Application No. 2010/132118, which claims a protective mat that is a "generally rectangular elastomeric material." (*See* Ex. B, WO-2010/132118, cl. 4.) Second, the examiner also cited U.S. Patent Application No. 2009/0183784, which discloses a flexible under sink liner, where the "liner may be made from a plastic type material, rubber, or from other flexible materials such as but not limited to silicone rubber." (Ex. C, U.S. Pat. App. 2009/0183784 at [0043].) Third, the examiner cited U.S. Patent Application No. 2022/0151386, which includes Claim 4 that claims a mat "wherein the mat substrate comprises a mildew resistant flexible rubber composition." (*See* Ex. D.) Finally, the examiner also cited a patented funnel design, U.S. Patent No. 5,577,539, on the face of the '140 Patent. (*See* Ex. E.) The examiner therefore carefully considered several references related to mats made of elastomer material, including silicone, and the 2019 Mat Design would not have added anything the examiner did not already consider. The examiner also considered a funnel design. Because the 2019 Mat Design and the Funnel Design are cumulative of references already considered, they are not "but-for" material.

Finally, the circumstantial evidence Defendants present does not show that Plaintiff intended to deceive the Patent Office. Defendants attempt to use Plaintiff's statements to this Court as circumstantial evidence of its intent to deceive the Patent Office. Defendants claim that statements made in attorney Humberto Rubio's Declaration in support of Plaintiff's Motion for Alternative Service of Process (ECF No. 13-1, Rubio Decl. at ¶8) are deceptive. (ECF No. 40-1 at 15-16.) In that Declaration, Mr. Rubio explained that "[m]ost of the time, Defendants must provide an email address and physical address to the third-party platforms through which Defendants operate (such as Amazon), however, few Defendants purport to provide any type of a physical address to these third-party platforms much less a valid, accurate, and verifiable physical address. Also, many of the Defendants appear to reside in China, neighboring states (and other foreign jurisdictions) and some use Chinese characters for their names and addresses." (ECF No. 13-1 at ¶8.) To further illustrate Defendant's deceptive tactics, Plaintiff has found that none of the Defendants filing this motion use their legal company name on the Amazon public listings but instead use other similar made-up names. Plaintiff has learned of the actual entity names from the notice of appearance filed by Defendant's Counsel and the declarations contained in their current motion. Below is a side-by-side comparison of the names used by the Defendants on the Amazon platform and their actual legal name (as shared in the pleadings thus far):

| Def No. | Amazon Name | Legal Entity Name |
|---|---|---|
| 4 | Zhuhaisaidekuajingdianzishangwuyouxiangongsi | Zhuhai Saide Cross-border E-Commerce Co. |
| 12 | shenzhenshizeyouzhichengkejiyouxiangongsi | Shenzhen Zeyou Zhicheng Technology Co., Ltd. |

| 2 | shenzhenshimagenasikejiyouxianggongsi | Shenzhen Magnus Technology Co., Ltd. |
|---|---|---|
| 13 | shanghaiyianxincailiaoyouxiangongsi | Shanghai Yi'an New Materials Co., Ltd. or Shanghai Yi'an xin cai liao Youxiangongsi |

The above only further supports Plaintiff's declarations to this court. Additionally, the addresses appearing under these entities appear to be different than the ones provided to the Amazon Platform all of which appear in Chinese characters. By way of example, a search of Defendant #2's (WOHBAY) real entity name, Shenzhen Magnus Technology Co., Ltd., leads to two links which show an address of c-504,Skyworth Building,No.8 Road,High-tech south, Nanshan District, Shenzhen Guangdong 518057. *See* Exhibit J. and *See* Ex. L, Felipe Rubio Declaration at ¶ 5). First, the address by this defendant to Amazon is in Chinese characters. *See* Exhibit K. Second, a translation of the address leads to the following address which differs from the one appearing on public websites: Room 303, Building 27, Changfeng Industrial Park, Dongkeng Community, Fenghuang Street, Shenzhen, Guangming District, Guangdong Province 518107. *See* Exhibit K. Finally, this particular defendant submitted a declaration with the current motion under which it states that it's the owner of trademark registration number 6,427,927 which shows yet another address as follows: 1403, Mianshuishangwudasha, No.6, Fuhuayi, Road Futian District, Shenzhen City, Guangdong Province China. This particular defendant identifies under two different names and has at least three different addresses.

Although Defendants do not make the argument directly, they appear to argue that Mr. Rubio's statements to this Court are circumstantial evidence of Plaintiff's generally deceptive

disposition that should be imputed to its conduct in prosecuting the 140 Patent. Defendants' arguments are both legally irrelevant and factually baseless.

Plaintiff's statements to this Court regarding locating and identifying the Defendants are not only true but are irrelevant to its intent *vis-à-vis* the Patent Office in procuring the 140 Patent. Notably, Defendants do not cite a single legal authority to support their theory of deceptive intent. When an accused infringer accuses a patentee of deceptively withholding a material reference from the Patent Office, the infringer must produce evidence that the patentee made a deliberate decision to withhold the refence in question from the Patent Office. *See Therasense*, 649 F.3d at 1290; *see also Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1381(Fed. Cir. 2006) (stating that "generalized allegations" of deceptive intent "lack the particularity required to meet the threshold level of deceptive intent necessary for a finding of inequitable conduct."). When an accuser relies on circumstantial evidence, the specific intent to deceive most be "the single most reasonable inference able to be drawn from the evidence … when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id.* at 1290-91.

Here, Defendants do not offer any evidence showing that Plaintiff made a deliberate decision to withhold the 2019 Mat Design and the Funnel Design from the Patent Office. Instead, they rely on statements made by Plaintiff's attorney in this lawsuit, Mr. Rubio, who was not involved in the prosecution of the 140 Patent. Mr. Rubio's statements to this Court are completely irrelevant – what matters is Plaintiff's intent when it was prosecuting the 140 Patent. Because deceptive intent is not the single most reasonable inference to be drawn from this incredibly attenuated circumstantial evidence, intent to deceive should not be found.

Even if Plaintiff's statements to this Court were relevant, its statements are verifiably accurate. Amazon's 2023 Annual Report, for example, acknowledges that fraudulent and unlawful

11

activities of sellers is a risk factor for its own business. While Amazon "maintain[s] policies and processes designed to prevent sellers from … selling unlawful, counterfeit, pirated, or stolen goods, selling goods in an unlawful or unethical manner, violating the proprietary rights of others … [its] policies and processes [can be] circumvented or fail to operate sufficiently." (*See* Ex. F, Amazon.com, Inc. Form 10-K, 2023 Annual Report at 8.)  Moreover, in a 2020 Report, the Department of Homeland Security has also acknowledged the difficulty of combatting the online trafficking of illicit goods:

> In some cases, counterfeiters hedge against the risk of being caught and their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. A key underlying problem here is that on at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling. In the absence of full transparency, counterfeiters can quickly and easily move to a new virtual store if their original third-party marketplace is taken down.

(*See* Ex. G, U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans, *Combating Trafficking in Counterfeit and Pirated Goods*, at 22 (Jan. 24, 2020)).  Contrary to Defendants' statements, third party service providers do not always adequately subject new sellers to verification and confirmation of their identities, which allows sellers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." (*See* Ex. H, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020)).  Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. (*See* Ex. G at 39.)  Because Mr. Rubio's statements to this Court are true and not deceptive, they cannot be used as evidence showing that Plaintiff intended to deceive the Patent Office.

Defendants' claim that Plaintiff committed inequitable conduct lacks substantial merit, and its arguments to the contrary should be rejected.

**B.      PLAINTIFF WILL SUFFER IRREPARABLE HARM**

Plaintiff has clearly shown its 140 Patent is valid and infringed, and Plaintiff is therefore entitled to a presumption of irreparable harm. *See Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973 (Fed. Cir. 1996). To overcome this presumption, Defendants must have produced evidence clearly showing a lack of irreparable harm. The only argument Defendants make is that Plaintiff delayed in seeking a preliminary injunction. (ECF No. 40-1 at 17-19.) Defendants' arguments are based on an erroneous recitation of the facts and are not enough to overcome the presumed irreparable harm.

First, Plaintiff's priority date of August 3, 2021 is irrelevant to the inquiry because Plaintiff was not entitled to enforce its 140 Patent in the United States until it received a valid U.S. patent registration, which did not occur until January 24, 2023. (*See* Ex. A.) From the end of January until October 17, 2023 when Plaintiff filed its preliminary injunction motion, Plaintiff was investigating the scope of infringement and conducting the necessary analysis on 80 defendants, as it is required to do under Fed. R. Civ. P. 11. (*See* Ex. I, Declaration of Songhua Li dated November 21, 2023 ("Li Decl."), at ¶¶5-8.) As already discussed, Defendant's conduct and tactics show that these investigations are complex and require significant time. In this particular case, this investigation was further complicated by the fact that Amazon sellers open and close storefronts very quickly. (Id. at ¶¶ 8,9.) In fact, during its investigation, there were more than a dozen stores that closed or had their listings deactivated. (Id. at ¶ 8.) Moreover, Plaintiff did not discover the infringing goods of the four Defendants participating in the Motion to Dissolve the Preliminary Injunction until the end of July 2023. (Id. at ¶ 10.) Therefore, the "delay" in this matter relating

13

to these four Defendants is really only approximately 2.5 months. The Federal Circuit has held such a short delay is insufficient to rebut the presumption of irreparable harm. *See, e.g., Polymer Tech., Inc. v. Bridwell, H.A. Spec. Co.*, 103 F.3d 970, 976 (Fed. Cir. 1996) (A four month delay between the commencement of the defendant's infringing activities and plaintiff's filing of a lawsuit is a "short lapse of time" insufficient to rebut the presumption of irreparable harm); *see also Precise Exercise Equip. Inc. v. Kmart Corp.,* No. 00-312, 2000 U.S. Dist. LEXIS 21498, at *15 (C.D. Cal. Oct. 30, 2000) (five month delay is not enough to overcome the presumption); *Sunrise Med. Hhg, Inc. v. Airsep Corp.*, 95 F.Supp.2d 348, 463 (W.D. Pa. 2000) (Spending a few months to conduct an internal infringement analysis prior to filing suit is "an important exercise of [a patentee's] duty under Fed. R. Civ. P. 11 to ensure that its prospective lawsuit was justified."); *Rubbermaid Commercial Prods., Inc. v. Contico Int'l, Inc.*, 836 F. Supp. 1247, 1257 (W.D. Va. 1996) (eight months, no bar); *Mentor Graphics Corp. v. Quickturn Design Systems, Inc.*, 999 F.Supp. 1388 (D. Or. 1997) (delay of more than one year between the filing of patent infringement action and the filing of a motion for a preliminary injunction did not bar the patentee form obtaining a preliminary injunction), *aff'd* 150 F.3d 1374 (Fed. Cir. 1998); *Motorola, Inc. v. Alexander Mfg. Co.*, 786 F. Supp. 808 (N.D. Iowa 1991) (three months no bar); *SMI Indus. Canada Ltd. v. Caeher Indus., lnc.*, 586 F. Supp. 808 (N.D. N.Y. 1984) (six months no bar).

The cases Defendants rely on in support of their delay argument are not analogous. In each of the cases, the plaintiff offered no explanation for a delay of several months occurring between the time plaintiff filed its complaint and the time plaintiff sought a preliminary injunction. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247-49 (11th Cir. 2016) (plaintiff delayed five months between filing its complaint and moving for a preliminary injunction and offered no explanation for its delay); *Blue-Grace Logistics LLC v. Fahey*, No. 8:21-cv-2523, 2022 U.S. Dist. LEXIS

14

21877 at 16-18 (M.D. Fla. Feb. 7, 2022), (plaintiff delayed filing its preliminary injunction motion for 11 months after filing the complaint, then moved to amend the complaint and the preliminary injunction to add additional defendants, which added an additional three months of delay until the preliminary injunction motion was ripe for decision); *Pals Group, Inc. v. Quiskeya Trading Corp.*, No. 16-23905, 2017 U.S. Dist. LEXIS 18567 at 15, 17 (S.D. Fla. Feb. 9, 2017) (plaintiff waited a year after finding out that the defendant was competing and three months after filing its complaint before filing a motion for preliminary injunction failed to offer any justification for its delay); *Millennium Funding, Inc. v. 1701 Mgmt. LLC*, No. 21-cv-20862, 2021 U.S. Dist. LEXIS 153554, at 28-29 (S.D. Fla. Aug. 13, 2021) (plaintiff did not submit good cause to explain a four-to six-month delay in moving for injunctive relief after sending defendants a letter notifying them of copyright infringement). None of these cases address the situation where the plaintiff's delay was caused by an extremely complicated good faith investigation of patent infringement.

Even though the Eleventh Circuit cases Defendants cite may be authoritative, "the Federal Circuit has itself built a body of precedent applying the general preliminary injunction considerations to a large number of factually variant patent cases, and gives dominant effect to Federal Circuit precedent insofar as it reflects considerations specific to patent issues." *Trebro*, 748 F.3d at 1165. Because the reason for the alleged delay in this case specifically relates to the prefiling investigation of patent infringement, the Federal Circuit cases delineating reasonable delay should be more persuasive than the general civil litigation cases cited by Defendants.

### C. DEFENDANTS RECEIVED ACTUAL NOTICE OF THIS LITIGATION AND PLAINTIFF IS ENTITLED TO DAMAGES UNDER 35 U.S.C. § 284.

A patent holder may recover damages against an accused infringer who imports infringing products into the United States once the accused infringer has received notice of its infringement. 35 U.S.C. § 287. Notice of infringement can be provided two ways: (1) marking a patented article

with the patent number (or directing the public to a website with the information); or (2) directly providing actual notice to an accused infringer, such as through the filing of an action for infringement. *Id.* Filing a lawsuit against an accused infringer is "the ultimate form of notice." *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). If an accused infringer continues to sell infringing products after receiving notice, it is liable to the patentee for damages. *Id.*

First of all, Plaintiff's product is patented and this notice appears clearly on Plaintiff's Amazon listings, Plaintiff's Aechy website and on the product documentation that ships with every product. *See* Ex. I, Li Decl. at ¶ 12.

Most importantly however, Defendants' own evidence at least suggests that defendant had notice of Plaintiff's patented product. On its declaration, Defendant Zhuhay Saide Cross-border E-Commerce Co. states that "Upon information or believe, Plaintiff Shenzhen Hengzechen Technology Co. Ltd. maintain an Amazon Store at…" This leads to an Amazon listing displaying Plaintiff's product for sale. The listing clearly identifies the product as a patented product.

- **【UNIQUE DRAIN HOLE DESIGN】**: Unique patented drain port design, allows you to drain the leaking water easily without taking out the sink cabinet mat. Raise the edge to 0.67 inches, so the under sink drip tray can hold up to 2 gallons of water- provide you more time to deal with water pipe leaks.

- **【MULTIPURPOSE】**: AECHY 34" waterproof mat is not only suitable for kitchen cabinets, but also suitable for bathroom cabinets, pets, crafts, and any more occasions to prevent messes and spills! Just a thoughtful and practical gift for housewarming, weddings and so on! Patented Product, All Rights Reserved.

Notwithstanding the above, Defendants' accused products are still being offered for sale in the United States. (*See* Ex. I, Li Decl. at ¶ 12.) In fact, Defendant #4 (Sdpeia Store), Defendant Zhuhai Saide Cross-border E-Commerce Co., Ltd. has continued selling copies of the infringing item and has sold over 1,000 of the infringing item according to Amazon. (See Ex. L, Felipe Rubio Declaration at ¶ 6). Below is a cutout of the search result which shows Plaintiff's product and the Defendant #4's (Sdpeia Store) infringing product as a sponsored product; a search of Plaintiff's

16

aechy undersink mat patented product, yields Defendant's #4 (Sdpeia Store) unauthorized product bearing Plaintiff's 140 Patent:



To make matters worse, Defendants products are of a lesser quality and are sold at a lesser price (sold at less than half the price of Plaintiff's). Defendants were served with notice of this lawsuit on October 27th, 2023 (ECF No. 45), and the Complaint was unsealed on November 6, 2023 (ECF No. 30.)  Defendants are therefore at least liable to Plaintiff for damages occurring after they received actual notice of this lawsuit, and the Court's order restraining the transfer of funds to Defendants remains proper.

Defendants' damages argument is a red herring that seeks to distract the Court from the real issue in this case, which is Defendants' blatant and continued infringement and Plaintiff's

potential loss of control of its patent. Infringement is so obvious, that Defendants do not dispute infringement and focus on improperly trying to challenge the granted patent and on challenging damages. However, because the granted patent is valid, because infringement is not disputed by Defendants, and because the principal value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole. The loss of control, including quality control over goods sold utilizing Plaintiff's 140 Patent is neither calculable nor precisely compensable and that is why this preliminary injunction is warranted, irrespective of Defendants' contention regarding damages. *Hybritech Inc. v. Abbott Laboratories*, 849 F. 2d 1446, 1456 (Fed. Cir. 1988)

IV.   **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion to Dissolve the Preliminary Injunction and Order Restraining Transfer of Assets.

Respectfully submitted this 22nd day of November, 2023.

**LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
Attorneys for Plaintiff
8950 SW 74 Ct., Suite 1804
Miami, FL 33156
Telephone: (786) 220-2061
Facsimile: (786) 220-2062
Email: hrubio@rubiolegal.com
Email: frubio@rubiolegal.com
Email: info@rubiolegal.com

By: */s/ Humberto Rubio*
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433
Felipe Rubio, Esq.
Florida Bar No. 123059