UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 23-23380-CV-RNS

SHENZHEN HENGZECHEN
TECHNOLOGY CO., LTD.,
Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Shenzhen Hengzechen Technology Co., Ltd. ("Plaintiff"), by and through undersigned counsel, hereby opposes the Motion to Dismiss (ECF No. 43) filed by Defendants Zhuhai Saide Cross-border E-Commerce Co., Ltd., Shenzhen Zeyou Zhicheng Technology Co., Ltd., Shenzhen Magnus Technology Co., Ltd., and Shanghai Yi'an New Materials Co., Ltd. or Shanghai Yi'an xin cai liao Youxiangongsi (by transliteration) (collectively, "Defendants").

**I.   INTRODUCTION**

The Court should deny Defendants' Motion to Dismiss Plaintiff's damages claim and prejudgment interest due to Plaintiff's alleged failure to comply with 35 U.S.C. § 287.  The plain language of § 287 and controlling case law interpreting § 287 are unequivocal that the filing of a complaint for patent infringement constitutes notice to an accused infringer, entitling a patentee to damages for infringement of its patent.  Defendants were served with notice of this lawsuit on October 27, 2023, and Plaintiff's Amended Complaint was unsealed on November 6, 2023.  While Defendants may contest when Plaintiff complied with the notice statute (at a later stage), there is

no dispute that compliance with the notice statute took effect at least with the filing and service of the Amended Complaint. In fact, despite receiving actual notice, Defendants continued to sell infringing products in the United States. Plaintiff is entitled to at least recover damages for those sales. Moreover, Defendants' knowledge of Plaintiff's U.S. Patent No. 11,559,140 (the "140 Patent") and blatant copying of Plaintiff's Under Sink Mat in willful disregard of Plaintiff's patent rights further entitles Plaintiff to treble damages under 35 U.S.C. § 284. Plaintiff's Amended Complaint contains detailed allegations of its rights and Defendants' infringing activities and includes injunctive relief. For these reasons alone, the Court should deny Defendants' Motion to Dismiss. Lastly, a damages inquiry is not properly resolved at the motion to dismiss stage.

## II. LEGAL STANDARD

When considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), the Court must accept as true the allegations of plaintiff's complaint and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint "does not need detailed factual allegations," but it "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ARGUMENT

### A. Defendants Received Actual Notice of Their Infringement Under 35 U.S.C. § 287.

35 U.S.C. § 287 is clear that a patentee is entitled to recover damages from an infringer once notice of the infringement has been given, and "[f]iling of an action for infringement shall constitute such notice." *Id.* Indeed, filing a lawsuit against an accused infringer is "the ultimate form of notice." *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). If an accused infringer continues to sell infringing products after receiving notice, it is liable to the patentee for damages. *Id.*

Here, Defendants were served with notice of this lawsuit on October 27, 2023 (ECF No. 45), and Plaintiff's Amended Complaint was unsealed on November 6, 2023 (ECF No. 30). Therefore, it is clear that Plaintiff has complied with the notice requirement solely based on the filing of the lawsuit and upon service to Defendant. For this reason alone, Defendants motion to dismiss must fail. Despite receiving actual notice of their infringement, Defendants' accused products are still being offered for sale in the United States. (See ECF No. 47-9, Ex. I, Li Decl. at ¶ 12.) In fact, Defendant #4 (Sdpeia Store), Defendant Zhuhai Saide Cross-border E-Commerce Co., Ltd. has continued selling copies of the infringing item and has sold over 1,000 of the infringing item according to Amazon. (*See* ECF No. 47-12, Ex. L, Rubio Decl. at ¶ 6.)

The facts of this case make Defendants' reliance on *Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001) misplaced. (See ECF No. 43-1 at 5.) *Lans* is inapposite because there, the patent expired before the patentee informed the defendants of infringement. *Id.* at 1328 (noting that the court also could not enjoin defendants from infringing an expired patent). Here, the '140 Patent is not expired, Defendants have had notice and the Defendants continued to sell accused products since receiving notice of this lawsuit. Furthermore, Plaintiff in this case will also be entitled to pursue injunctive relief, which was not the case in *Lans*.

Defendants' Motion also cites *Sentry Prot. Prods., Inc. v. Eagle Man. Co.*, 400 F.3d 910 (Fed. Cir. 2005); however, that case shows that Plaintiff's allegations are sufficient to withstand dismissal.  In *Sentry*, the patentee's complaint pled that the defendant's "infringements have been willful and with full knowledge of" the patents at issue. *Id.* at 918.  The defendant argued that the patentee's failure to properly plead compliance with the marking statute constituted a waiver. *Id.* The Federal Circuit rejected the defendant's argument. *Id.*  Relying on the Supreme Court's decision in *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894), the Federal Circuit held that the patentee's allegations were sufficient and did not constitute a waiver. *Id.*

In this case, just as in *Sentry*, the Plaintiff's Amended Complaint alleges that "Defendants willfully and knowingly infringe Plaintiff's Patent rights."  (ECF No. 8 at ¶ 22.)  The Amended Complaint also alleges that "[a]t all times relevant hereto, Defendants knew or should have known of Plaintiff's ownership of the Patent" (Id. at ¶ 26), and that "Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights" (Id. at ¶ 28).

Defendants argue that an infringer's knowledge of a patent is irrelevant to whether the patentee provided actual notice under § 287(a).  (ECF No. 43-1 at 5.)  Defendants are correct that determining notice under § 287 focuses on the actions of the patentee and not the infringer's knowledge or understanding.  *See, e.g.*, *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021).  But, Defendants' blanket statement that their knowledge of Plaintiff's patent is irrelevant to Plaintiff's damages claim is inaccurate.  Defendants' knowledge of the '140 patent and deliberate copying of Plaintiff's Under Sink Mat are highly relevant to determining willful infringement.  *See Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992) (setting forth factors courts should consider in determining an infringer's willfulness, including evidence of

4

copying and the infringer's knowledge of the patent). Plaintiff's allegations regarding Defendants' copying and willful behavior are thus not irrelevant to Plaintiff's damages claim and other relief Plaintiff seeks in the Amended Complaint.

At the very least, Plaintiff's Amended Complaint provided Defendants with actual notice of their infringement in accordance with § 287, and Plaintiff is entitled to receive damages for Defendants' infringement of the '140 Patent at least since November 6, 2023 when the original Complaint was unsealed.

### B. Plaintiff's Amended Complaint Does Not Seek Relief for Infringement of a Design Patent.

Plaintiff's Amended Complaint does not allege that Defendants have infringed any design patents Plaintiff may own, and Plaintiff is not seeking relief for design patent infringement. References to 35 U.S.C. § 289 in the Amended Complaint are a typographical error.

To be clear, Plaintiff's Amended Complaint *does* seek damages for Defendants' infringement of the 140 Patent pursuant to 35 U.S.C. § 284, including treble damages for Defendants' willful infringement. (ECF No. 8, Amended Complaint at ¶ 44, Prayer for Relief at ¶ H). Plaintiff also seeks an award of its reasonable attorney fees pursuant to U.S.C. § 285. (Id. at ¶ 45; Prayer for Relief at ¶ I.)

### C. Plaintiff Sufficiently Pleads Infringement and Damages are not an Essential Element at this Stage.

Pleading patent infringement is mostly a function of providing notice to the Defendants. In this case, Plaintiff has properly pled that it has a valid patent and that Defendant's conduct infringes upon Plaintiff's valid patent and Defendant's have been placed on notice of same. A patent-infringement "plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). "Instead, it is

5

enough that a complaint place the alleged infringer on notice of what activity is being accused of infringement." Id. (cleaned up). *E-Z Dock, Inc. v. Snap Dock, LLC*, No. 2:21-CV-450-SPC-NPM, 2021 WL 5015533, at 1 (M.D. Fla. Oct. 28, 2021). Additional inquiries, including damages, are not to be resolved at the motion to dismiss stage, as it would not be ripe. Such inquiries, including damages, are premature at the motion to dismiss stage and are better suited until after discovery.

IV.  CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss Plaintiff's damages claim.

Respectfully submitted this 1st day of December, 2023.

**LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
Attorneys for Plaintiff
8950 SW 74 Ct., Suite 1804
Miami, FL 33156
Telephone: (786) 220-2061
Facsimile: (786) 220-2062
Email: hrubio@rubiolegal.com
Email: frubio@rubiolegal.com
Email: info@rubiolegal.com

By: */s/ Humberto Rubio*
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433
Felipe Rubio, Esq.
Florida Bar No. 123059