United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Shenzhen Hengzechen Technology Co., Ltd., Plaintiff, <br><br> v. <br><br> The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A", Defendants. | Civil Action No. 23-23380-Civ-Scola |

### Order Granting Motion to Dissolve Preliminary Injunction

This matter is before the Court on the motion by Defendants Zhuhai Saide Cross-border E-Commerce Co., Ltd. (Defendant No. 4, SDPEIA Store on Schedule A), Shenzhen Zeyou Zhicheng Technology Co., Ltd. (Defendant No. 12, Zeeyoocc on Schedule A), Shenzhen Magnus Technology Co., Ltd. (Defendant No. 2, WOHBAY on Schedule A)., and Shanghai Yi'an New Materials Co., Ltd. (Defendant No. 13, SHYAXCL on Schedule A) (collectively, the "Moving Defendants") for dissolution or modification of the preliminary injunction entered by the Court on October 31, 2023. (Mot., ECF No. 40.) The Plaintiff Shenzhen Hengzechen Technology Co., Ltd. ("Shenzhen") has responded opposing the motion (Resp., ECF No. 47), and the Moving Defendants have replied (Reply, ECF No. 49). Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants** the Moving Defendants' request for dissolution of the preliminary injunction. (**Mot., ECF No. 40**.)

1. **Background**

On September 4, 2023, Shenzhen filed the present action for patent infringement, alleging that the Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Amended Complaint (collectively, the "Defendants"), through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, and using Shenzhen's federally registered patent in violation of federal patent law. (*See* Am. Compl., ECF No. 8.) Shenzhen's suit is based on its ownership of United States Utility Patent, No. US 11,559,140, for a waterproof pad and waterproof structure for a cabinet under a sink with a drainage hole feature (hereinafter, the "140 Patent"). The 140 Patent has been registered with the United States Patent and Trademark Office ("USPTO") and, as such, is

protected from infringement under federal patent law. (*See* Ex. 1 to Pl.'s Am. Compl., ECF No. 8-1.) Shenzhen demonstrated it is the owner of the 140 Patent by submitting copies of the U.S. Utility Patent No. US 11,559,140, which is dated January 24, 2023. (*See id.*; *see also* Pl.'s Decl. ¶ 5, ECF No. 10.)

To protect its patent rights during the pendency of this suit, on October 17, 2023, Shenzhen moved the Court, *ex parte*, for entry of a temporary restraining order against, and an order restraining the financial accounts used by the Defendants. (TRO Mot., ECF No. 12.) Upon review of Shenzhen's amended complaint, motion for temporary restraining order, and supporting evidentiary submissions, the Court granted Shenzhen's motion, and set the matter for a videoconference hearing, specifying that at the hearing the Defendants and/or any other affected persons could challenge the appropriateness of the temporary restraining order and that the Court would hear argument on Shenzhen's requested preliminary injunction. (TRO Order, ECF No. 16.)

The hearing on Shenzhen's request for injunctive relief took place on October 31, 2023, at 9:15 a.m. via Zoom. (ECF Nos. 20, 23.) At the hearing, Shenzhen's counsel represented that all the Defendants had been served with process, including the Court's temporary restraining order, the week prior. (*See* ECF No. 27.) In line with this, Shenzhen subsequently filed a proof of service indicating that the Defendants had all been served on October 27, 2023. (*See* ECF Nos. 27, 45.) However, at the October 31, 2023, hearing only counsel for Shenzhen was present and available to present evidence supporting the requested injunctive relief. The Defendants had not formally responded to Shenzhen's motion, made any filings in this case, nor appeared in this matter either individually or through counsel. Accordingly, that same day, having found that Shenzhen had satisfied all the pertinent requirements, the Court granted Shenzhen's motion for a preliminary injunction. (Prelim. Inj. Order, ECF No. 22.)

On November 8, 2023, the Moving Defendants for the first time made an appearance in this case and filed the motion to dissolve or modify that is the subject of the instant order. (Mot., ECF No. 40.) In their motion, these four Defendants raise various arguments for why Shenzhen is not entitled to injunctive relief, including because it cannot show a substantial likelihood of success on the merits due to the 140 Patent being invalid. Then, on December 8, 2023, approximately one week after their motion to dissolve or modify became ripe for review, the Moving Defendants filed an emergency motion for a hearing on the same, arguing for the first time that the preliminary injunction must be vacated on an emergency basis because they never received adequate notice of the October 31, 2023, hearing. (Emer. Mot., ECF No. 59.)

For the reasons explained below, the Court rejects the Moving Defendants' argument that they failed to receive adequate notice of the October 31, 2023, hearing. However, the Court nonetheless **grants** their request for dissolution of the preliminary injunction, finding that they have raised a substantial question as to the validity of the 140 Patent.

### 2. Legal Standard

"The grant or denial of a preliminary injunction is a decision within the discretion of the district court." *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp., Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (per curiam).

### 3. Analysis

#### A. The Moving Defendants received adequate notice of the October 31, 2023, hearing.

In their emergency motion for hearing, filed a month after their initial motion for dissolution or modification, the Moving Defendants argue for the first time that the preliminary injunction entered on October 31, 2023, should be dissolved because they did not receive proper notice of the hearing on the same. (Emer. Mot., ECF No. 59.) The Court is not convinced.

To begin, even in their emergency motion, the Moving Defendants acknowledge that they received an email from Shenzhen dated October 27, 2023, which contained, among other materials, a copy of the Court's temporary restraining order setting the videoconference hearing on October 31, 2023, at 9:15 a.m. (*Id.* at 3; Y. Wu Decl. in Support of Emer. Mot. ¶ 4, ECF No. 59-1 (stating that received email on October 28, 2023, at 2:43 a.m. (Beijing Time) containing the temporary restraining order).) Thus, even if the Court were to find credible the Moving Defendants' statements that this was the only notice they received and that they did not have legal representation until after the hearing, the Moving Defendants could, at a minimum, have appeared at the Zoom videoconference hearing, the login credentials for which were posted publicly on the Court's docket with a note identifying them as the "credentials for the **October 31, 2023**, videoconference hearing at **9:15 am**, on the Plaintiff's motion for a preliminary injunction[.]" (*See* ECF No. 20.) Indeed, even

if the Moving Defendants did not feel prepared to argue the merits of Shenzhen's request for injunctive relief at that time, they could nonetheless have appeared at the hearing to request an extension from the Court to retain counsel. Instead, they declined to make any sort of appearance in this case until a week later.

Moreover, Shenzhen has provided evidence that each of the Moving Defendants either had reached out to Shenzhen's counsel on an individual basis or through their own counsel at least as of October 27, 2023, to discuss the temporary restraining order and settlement. (*See* F. Rubio Decl. ¶¶ 10–13, ECF No. 66-1.) By way of example, Shenzhen provides an email dated October 27, 2023, at 9:04 p.m. from the Moving Defendants' current counsel, Shan Zhu, in which the latter explained that he represented some of the Moving Defendants and requested to know Shenzhen's settlement demand. (Zhu Oct. 27, 2023, Email, ECF No. 66-1.)

Thus, for all these reasons, among others, the Court finds the Moving Defendants' delayed claim that they failed to receive adequate notice of the October 31, 2023, hearing to be, at best, highly misleading, and rejects their argument for dissolution of the preliminary injunction on this ground. As noted, at a minimum, these Defendants could have appeared on an individual basis at the videoconference hearing to request an extension of time from the Court. They did not.

### B. The Moving Defendants have raised a substantial question as to the validity of the 140 Patent.

"[I]n the context of a patent infringement suit, '[a] patent holder seeking a preliminary injunction bears the burden of establishing a likelihood of success on the merits with respect to the patent's validity.'" *BlephEx, LLC v. Myco Indus.*, 24 F.4th 1391, 1398-99 (Fed. Cir. 2022) (quoting *Entegris, Inc. v. Pall Corp.*, 490 F.3d 1340, 1351 (Fed. Cir. 2007)). Absent a validity challenge by the alleged infringer, "the very existence of the patent with its concomitant presumption of validity satisfies the patentee's burden of showing a likelihood of success on the validity issue." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009) (citing *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1365 (Fed. Cir. 2001); *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998)). "But if the accused infringer presents a substantial question of validity, 'i.e., asserts an invalidity defense that the patentee cannot prove "lacks substantial merit," the preliminary injunction should not issue.'" *BlephEx, LLC*, 24 F.4th at 1399 (quoting *Entegris*, 490 F.3d at 1351).

The alleged infringer "need not, to defeat a preliminary injunction, prove invalidity by clear and convincing evidence, as it must to succeed at trial." *Id.* (citing *Titan Tire Corp.*, 566 F.3d at 1379). Rather, "[i]t need only present evidence showing that there is a substantial question of validity despite the presumption of patent validity and [the patentee's] arguments in favor of validity, such that [the patentee's] likelihood of success is in question." *Id.* (citing *Titan Tire Corp.*, 566 F.3d at 1377-79). In short, "[v]ulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial." *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1006 (Fed. Cir. 2009) (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1359 (Fed. Cir. 2001)). "Once the accused infringer satisfies this requirement, the burden shifts to the patentee to show that the defense lacks substantial merit." *Id.* (citing *Entegris*, 490 F.3d at 1351).

Among the arguments that the Moving Defendants raise in support of their motion to dissolve or modify the preliminary injunction is that Shenzhen cannot show a substantial likelihood of success on the merits because the 140 Patent must be deemed invalid due to obviousness. Specifically, the Moving Defendants argue that the 140 Patent is subject to an obviousness finding because it does nothing more than combine elements of independently known prior arts by employing predictable and known methods. (Mot. 6–14, ECF No. 40-1.) In response, Shenzhen does not dispute that the 140 Patent combines and incorporates elements of known, prior arts.[1] Instead, it argues that the Moving Defendants have not presented sufficient evidence to withstand their burden of showing that the 140 Patent is obvious. According to Shenzhen, the Moving Defendants do not explain why a person of skill in the art would have been motivated to combine the known prior arts to come up with the 140 Patent. On this issue, the Court agrees with the Moving Defendants.

"In determining whether the subject matter of a patent claim is obvious, . . . [w]hat matters is the objective reach of the claim." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 419-20, 127 S. Ct. 1727, 1741-42 (2007). Shenzhen is correct that it is insufficient for the party claiming invalidity to merely argue, in a conclusory manner, that the patent at issue is obvious. *See BlephEx, LLC v. Myco Indus.*, 24 F.4th 1391, 1403-04 (Fed. Cir. 2022) ("Although Myco need not have presented expert testimony, it needed to provide something on which

---

[1] Shenzhen argues that one of the prior arts identified by the Moving Defendants in their motion—*i.e.*, an ice making product published by the Defendant SDPEIA, which adopts the foldable drain hole design—does not qualify as prior art by virtue of having been disclosed within one year of the 140 Patent's priority date. However, this is not the only prior art that the Moving Defendants identify and rely on with respect to the funnel design in arguing obviousness.

the district court could base a finding that there is a substantial question of validity."). Indeed, "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co.*, 550 U.S. at 418, 127 S. Ct. at 1741. However, "[o]ne of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims[,]" and that is precisely what the Moving Defendants have set forth in their motion. *See id.* at 420, 1742.

Shenzhen's 140 Patent has an alleged priority date of August 3, 2021, and essentially consists of "a waterproof pad and waterproof structure for a cabinet under a sink with a drainage hole feature[.]" (Am. Compl. ¶ 19, ECF No. 8.) To show that this patent is invalid due to obviousness, the Moving Defendants have presented evidence that, at least as early as November 11, 2019, Amazon stores were offering for sale an overall, under-sink cabinet mat design, which is of practically identical size, shape, and material as claimed in the 140 Patent (the "2019 Mat Design"). (L. Fengmei Decl. in Support of Mot. to Dissolve ¶¶ 12–15, ECF No. 40-8.) The Moving Defendants acknowledge that the 2019 Mat Design uses a pulling edge method to drain water while, alternatively, the 140 Patent uses a foldable drain hole. However, the Moving Defendants also present evidence that the foldable drain hole design employed in the 140 Patent appeared at least as of 2016, in the form of another patented product. (*Id.* ¶¶ 8–11.) The Moving Defendants compellingly argue that the 140 Patent merely combines the two prior designs, something that a person of ordinary skill in the art would have done to solve the apparent problem of efficiently draining the water caught by any under-sink mat. Under-sink mats, they explain, are designed to collect leaked water from the sink in significant quantities, which requires that at some pint that water be removed. Given that there are only a limited number of options to drain the water, it would have been obvious to a person of ordinary skill to combine such mats with the already-existing funnel design as a method in which to do so. (Mot. 6–14, ECF No. 40-1.)

Contrary to Shenzhen's position, the Moving Defendants do a lot more than present mere conclusory allegations in support of their obviousness argument. Here, the Court finds that the Moving Defendants have presented sufficient materials, in the form of evidence and argument, to meet their burden of showing that there is a substantial question as to the 140 Patent's validity. While these materials may ultimately prove insufficient to establish invalidity at the later stages of this case, at this stage, Shenzhen has failed to prove that the Moving Defendants' invalidity defense lacks substantial merit,

and, as such, the preliminary injunction cannot issue. *See BlephEx, LLC v. Myco Indus.*, 24 F.4th 1391, 1398-99 (Fed. Cir. 2022).

### 4. Conclusion

Accordingly, for the reasons discussed above, the Court **grants** the Moving Defendants' request for dissolution of the preliminary injunction. (**Mot., ECF No. 40**.) The preliminary injunction entered by the Court on October 31, 2023, is hereby **dissolved**. (**Prelim. Inj. Order, ECF No. 22**.)

**Done and ordered** at Miami, Florida on December 29, 2023.

_____
Robert N. Scola, Jr.
United States District Judge