United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Shenzhen Hengzechen Technology Co., Ltd., Plaintiff, <br><br> v. <br><br> The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A", Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 23-23380-Civ-Scola <br> ) <br> ) <br> ) <br> ) <br> ) |

**Order on Defendants' Motion to Dismiss**

This cause comes before the Court on the motion to dismiss (Mot., ECF No. 43) by Defendants Zhuhai Saide Cross-border E-Commerce Co., Ltd. (Defendant No. 4, SDPEIA Store on Schedule A), Shenzhen Zeyou Zhicheng Technology Co., Ltd. (Defendant No. 12, Zeeyoocc on Schedule A), Shenzhen Magnus Technology Co., Ltd. (Defendant No. 2, WOHBAY on Schedule A), and Shanghai Yi'an New Materials Co., Ltd. (Defendant No. 13, SHYAXCL on Schedule A) (collectively, the "Moving Defendants"). The Plaintiff has responded opposing the motion. (Response, ECF No. 52.) The Moving Defendants have not replied, and the time to do so has passed. Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants in part** the motion to dismiss. (**Mot., ECF No. 43.**)

1. **Background**[1]

On September 27, 2023, the Plaintiff Shenzhen Hengzechen Technology Co., Ltd. ("Shenzhen") filed the operative amended complaint, bringing one count of patent infringement under 35 U.S.C. § 271 against the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" (collectively, the "Defendants"). The amended complaint alleges that the Defendants, through e-commerce stores, are "manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's patent" in violation of federal patent law. (Am. Compl. ¶ 3, ECF No. 8.) Shenzhen owns United States Utility Patent,

---

[1] This background is based on the allegations in the Plaintiff's amended complaint. For the purposes of evaluating the Defendants' motion, the Court accepts the Plaintiff's factual allegations as true and construes the allegations in the light most favorable to the Plaintiff per Federal Rule of Civil Procedure 12(b)(6).

No. US 11,559,140 (hereinafter, the "140 Patent"), for a waterproof pad and waterproof structure for a cabinet under a sink with a drainage hole feature ("Under Sink Mat"). The 140 Patent has been registered with the United States Patent and Trademark Office ("USPTO") and, as such, is protected from infringement under federal patent law. (*See* Ex. 1 to Pl.'s Am. Compl., ECF No. 8-1.) Shenzhen demonstrated it is the owner of the 140 Patent by submitting copies of the U.S. Utility Patent No. US 11,559,140, which is dated January 24, 2023. (*See id.*; *see also* Pl.'s Decl. ¶ 5, ECF No. 10.)

The Plaintiff initially brought the complaint against eighty (80) Defendants. (*See* Schedule A to the Am. Compl., ECF No. 8-2.) Of those, only four Defendants filed the motion to dismiss at issue. The Moving Defendants raise two grounds for dismissal: (1) the amended complaint fails to plead compliance with the marking or notice requirement in 35 U.S.C. § 287, and (2) Plaintiff cannot recover damages for infringement of a design patent because the 140 Patent is a utility patent. (Mot., ECF No. 43.)

The Court holds that because the amended complaint contains no allegations that the Plaintiff marked the patented items or provided the Defendants with the required notice, the Court dismisses **Plaintiff's claim for damages prior to the unsealing of the amended complaint on November 6, 2023**, **without prejudice**. Further, because Plaintiff has not brought a claim for infringement of a design patent, the Court **dismisses Plaintiff's claim for damages under 35 U.S.C. § 289 without prejudice**. Although only the four Moving Defendants filed the motion to dismiss, **the Court dismisses the claims as indicated above for all Defendants** identified on Schedule "A" based on the deficiencies in the amended complaint.

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to

nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

#### A. The Plaintiff has not alleged marking or notice as required by 35 U.S.C. § 287.

The present motion to dismiss relies on 35 U.S.C. § 287(a), which bars patentees from recovering damages if they did not mark their patented items or otherwise notify infringers of the alleged infringement. The Moving Defendants argue the amended complaint fails to provide any more than conclusory allegations regarding notice of the patent for the Under Sink Mat. The Plaintiff's response alleged that the filing of the lawsuit constitutes such notice and the Defendants continued to sell copies of the infringing item thereafter. The Court agrees with the Moving Defendants that Plaintiff has failed to properly plead marking or notice as required under the statute. However, the Court agrees with the Plaintiff that the filing of a lawsuit constitutes actual notice. *See Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020).

To recover damages for patent infringement, patentees must mark their patented items or notify infringers of their patent. 35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter[.]".) Even though a Plaintiff "need not prove its case at the pleading stage," *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021), Plaintiffs do have the affirmative obligation to plead compliance with the notice requirements of the marking statute. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1365-66 (Fed. Cir. 2017) (citing *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)). The duty falls on Plaintiffs because whether patented items have been marked is "a matter peculiarly within [the patentee's] own knowledge." *Id.* Further, an infringer's knowledge alone is insufficient; the statute requires the patentee to affirmatively mark the patent or provide notice to the infringer. *Arctic Cat*, 950 F.3d at 866-67. The notice must include both the patentee's identity and the infringement. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327 (Fed. Cir. 2001)

The amended complaint is silent as to the Plaintiff's marking of the patent, (*see generally* Am. Compl., ECF No. 8), so the Court turns to whether the Plaintiff alleged that it provided notice to the Defendants. The amended complaint states: (1) "Upon information and belief, Defendants **willfully and**

**knowingly** infringe Plaintiff's Patent rights." (Am. Compl. ¶ 22); (2) "At all times relevant hereto, Defendants **knew or should have known** of Plaintiff's ownership of the Patent[.]" (Am. Compl. ¶ 26); and (3) "Defendants are engaging in the above-described illegal infringing activities **knowingly and intentionally or with reckless disregard or willful blindness** to Plaintiff's rights." (Am. Compl. ¶ 28) (emphasis added). The allegations speak only to the Defendant's purported knowledge and fail to allege that the Plaintiff affirmatively marked the patented items or provided notice to Defendants about the infringement prior to the filing of the lawsuit. Even if Defendant's knowledge alone was sufficient to satisfy the notice requirement, the conclusory allegations reproduced above would "not permit the court to infer more than the mere possibility of misconduct" and are therefore insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 679.

However, the Plaintiff's response to the motion to dismiss correctly notes that "filing of an action for infringement shall constitute [required] notice" to Defendants. 35 U.S.C. § 287(a); *see Arctic Cat*, 950 F.3d at 864. In the event of a lack of pre-suit notice, a Plaintiff can only recover damages for infringement that occurs following the filing of the lawsuit. *Arctic Cat*, 950 F.3d at 866-67. Here, because the lawsuit was filed under seal until November 6, 2023, the Court dismisses Plaintiff's claim for damages prior to the unsealing of the lawsuit on November 6, 2023.

### B. Plaintiff has not brought a claim for infringement of a design patent.

In its response to the motion to dismiss, the Plaintiff acknowledged that the references in the amended complaint to 35 U.S.C. § 289—the statute governing remedies for design patent infringement—are "a typographical error." (ECF No. 52 at 5.) Accordingly, the Court dismisses Plaintiff's claim for damages under 35 U.S.C. § 289 because the Plaintiff has not stated a claim for design patent infringement.

### 4. Conclusion

For the reasons set forth above, the Court **grants in part** the motion to dismiss. (Mot., ECF No. 43.) Plaintiff's claims for damages prior to November 6, 2023, are dismissed without prejudice as to all Defendants. Additionally, Plaintiff's claims for damages under 35 U.S.C. § 289 are dismissed without prejudice as to all Defendants.

**Done and ordered** in Miami, Florida on February 7, 2024.

_____
Robert N. Scola, Jr.
United States District Judge