UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 23-CV-23380 SCOLA-GOODMAN**

SHENZEN HENGZECHEN
TECHNOLOGY CO., LTD.,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION
<u>FOR FINAL DEFAULT JUDGMENT AGAINST CERTAIN DEFENDANTS</u>**

      In this patent infringement action, Plaintiff Shenzhen Hengzechen Technology

Co., Ltd. ("Plaintiff") filed a motion for final default judgment against certain defaulted

Defendants identified on Schedule "A" (collectively, the "Defaulting Defendants").[1] [ECF

---

[1]     Plaintiff's Motion "[e]xcludes Defendants dismissed to date." [ECF No. 85, p. 1 n.1]. As such, "Defaulting Defendants" refers to Defendants identified on Schedule "A" who have *not* been dismissed. To date, this includes Defendants Nos. 14, 19, 23, 25, 33, 34, 40, 49, 53-6, 64, 67, 72, 74, 75, 77, and 79. [ECF No. 89-1].

    Originally, Plaintiff included Defendant No. 42 as one of the Schedule "A" Defendants. However, it subsequently filed a Notice of Voluntary Dismissal and Judge Scola entered an Order dismissing Defendant No. 42 from this case. [ECF Nos. 88; 90]. Because the Court dismissed Defendant No. 42 after the filing of the Motion, the

No. 85 ("the Motion")].[2] The Defaulting Defendants have not filed a response to the Motion or otherwise participated in this lawsuit, and the response deadline has now expired.

Senior United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 86]. As explained below, the Undersigned **respectfully recommends** that the Court **grant in part and deny in part Plaintiff's Motion**

## I.      Background

Plaintiff filed a one-count Amended Complaint against the Defaulting Defendants, alleging utility patent infringement pursuant to 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271. [ECF No. 8, pp. 6–8]. The Amended Complaint states that "Plaintiff owns one (1) United States Utility Patent, No. US 11,559,140, for a waterproof pad and waterproof structure for a cabinet under a sink with a drainage hole feature" ("Plaintiff's Patent" or the "140 Patent"). *Id.* at ¶ 2. Plaintiff asserts that its "Patent has been registered with the

---

Undersigned now excludes Defendant No. 42 from those Defendants comprising "Defaulting Defendants."

[2]      This Report and Recommendations cites to the page numbers automatically assigned by the Court's CM/ECF system, appearing at the top, right-hand corner in the header of each page.

United States Patent and Trademark Office ('USPTO') and is protected from infringement under federal patent law." *Id.*

The Amended Complaint alleges that the Defendants "are [deliberately and willfully] manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent within this [d]istrict through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule 'A[.]'" *Id.* at ⁋ 3.

Plaintiff argues that Defendants' infringement activity damages its Patent and that "the goodwill associated with Plaintiff's Patent is being harmed by Defendants tricking and confusing the public." *Id.* at ⁋ 4.

Plaintiff obtained a Clerk's Default [ECF No. 56] and now seeks entry of final default judgment against the Defaulting Defendants. [ECF No. 85]. Plaintiff also requests that "the Court issue an order for the clerk to release the $10,000.00 bond posted by [ ] Plaintiff[.]" *Id.* at 11.

## II.   Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for default final judgment. Fed. R. Civ. P.

55(b)(2); *see XYZ Corp. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, 668 F. Supp. 3d 1269, 1273 (S.D. Fla. 2023) ("Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend." (citing Fed. R. Civ. P. 55(b)(2))).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment.")[3]; *XYZ Corp.*, 668 F. Supp. 3d at 1275. Instead, "[a] default [judgment] is warranted only when there is a sufficient basis in the pleadings for the judgment entered – that is, when the factual allegations of the complaint state a claim for relief." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *see also Surtain*, 789 F.3d at 1245 ("[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." (alteration in original) (quoting *Cotton v. Mass. Mut. Life. Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted))).

---

[3]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

The decision of whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this circuit has a "strong policy of determining cases on their merits." *Surtain*, 789 F.3d at 1244–45. In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III.    Analysis

"[B]efore entering a default judgment, the [c]ourt must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915,

at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

### a.      Subject-Matter Jurisdiction

Plaintiff states that this Court has subject matter jurisdiction "pursuant to the Federal Patent Act, 35 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338." [ECF No. 8, ¶ 15]. The Amended Complaint alleges a single cause of action under the Patent Act and 28 U.S.C. § 1331 grants federal courts original jurisdiction over all civil actions "arising under" the laws of the United States (such as the Federal Patent Act). Moreover, 28 U.S.C. § 1338 explicitly states that "district courts shall have original jurisdiction of any civil action under any Act of Congress relating to patents. . . . No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents[.]" *See also Daka Rsch., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-CV-60246, 2023 WL 5310240, at *2 (S.D. Fla. July 14, 2023) ("[T]he Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (providing for federal question jurisdiction) and 1338 (governing actions involving patents, copyrights, and trademarks, among others)."), *report and recommendation adopted sub nom. Daka Rsch., Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Amended Schedule "A"*, No. 22-60246-CV, 2023 WL 5289258 (S.D. Fla. Aug. 17, 2023).

Therefore, the Court has subject-matter jurisdiction over the instant action.

### b.      Personal Jurisdiction

In addition to subject matter jurisdiction, a court must also have personal jurisdiction over each defendant. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)). For this reason, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte*." *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (quoting *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003)).

<u>Service of Process</u>

Service of process is a jurisdictional requirement. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment

against the [defendant]." *Albert v. Discover Bank*, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022).

Here, Plaintiff filed a motion seeking authorization of service process by e-mail and by electronic publication pursuant to Federal Rule of Civil Procedure 4(f)(3). [ECF No. 13, ¶ 7].

The Court granted this motion and authorized Plaintiff to serve all Defendants in the following manner:

a. **sending emails to each Defendant via the e-mail accounts provided by each Defendant** as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact forms, or by the e-commerce platform e-mail for each of the e-commerce stores, and in the email providing the address to Plaintiff's designated website to Defendants; and

b. **publicly posting a copy** of the Summonses, Amended Complaint, and all filings in this matter on the Plaintiff's designated website found at https://tinyurl.com/23380RNSUP

[ECF No. 17, p. 3 (emphasis added)].

Plaintiff complied and filed a proof of service indicating that the Defaulting Defendants had been served with a copy of the Amended Complaint, Issued Summons, and Sealed Temporary Restraining Order via e-mail service and website posting. [ECF No. 45].

Because Plaintiff complied with Judge Scola's Order [ECF No. 17] authorizing alternative service of process, Plaintiff has effectuated service on the Defaulting Defendants in the instant case. *See Leading Edge Mktg. Inc. v. Individuals, P'ships &*

*Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-23480-CIV, 2022 WL 16756952, at

*2 (S.D. Fla. Nov. 7, 2022) (finding defendants had been "properly served . . . with the

[c]omplaint and summonses via email and Internet publication, consistent with the

[c]ourt's [o]rder [a]uthorizing [a]lternate [s]ervice"), *report and recommendation adopted*,

No. 21-23480-CIV, 2022 WL 17144227 (S.D. Fla. Nov. 22, 2022); *Ain Jeem, Inc. v. Individuals,*

*P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 8:21-CV-1261-VMC-JSS,

2022 WL 2306858, at *2 (M.D. Fla. Jan. 27, 2022) (finding that "[the] [p]laintiff [had]

properly effected service on [the] [d]efendants pursuant to Federal Rule of Civil

Procedure 4(f)(3)" by complying with the court's order authorizing alternate service of

process), *report and recommendation adopted sub nom. Ain Jeem, Inc. v. Individuals*, No. 8:21-

CV-1261-VMC-JSS, 2022 WL 2306874 (M.D. Fla. Feb. 15, 2022).

<u>*Amenability to Jurisdiction*</u>

The Amended Complaint states, "Upon information and belief, Defendants are

individuals, partnerships and/or business entities of unknown makeup who either reside

and/or operate in foreign jurisdictions." [ECF No. 8, ⁋ 8].

"The plaintiff has the burden of establishing a prima facie case of personal

jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288

F.3d 1264, 1268–69 (11th Cir. 2002). "A plaintiff seeking the exercise of personal

jurisdiction over a nonresident defendant bears the initial burden of alleging in the

complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs.*

*Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *see also Warner Bros. Ent. Inc. v. Phillips*, No. 6:14-CV-1294-ORL-37, 2015 WL 4590519, at *3 (M.D. Fla. July 28, 2015) ("Even in the default judgment context, as a threshold matter, the plaintiff bears the burden of pleading sufficient facts to make out a prima facie case of personal jurisdiction over non-resident defendants.").

In *Leading Edge Mktg., Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, the court determined that it had "personal jurisdiction over the [d]efendants" because they had been served in accordance with the "[c]ourt's order authorizing alternative service" and:

> [the] [d]efendants directly target their business activities toward consumers in the United States, including Florida, and . . . [were] reaching out to do business with Florida residents by operating one or more commercial, interactive internet stores on internet marketplaces where Florida residents [could] purchase products bearing infringing and/or counterfeit trademarks belonging to the [p]laintiff.

No. 23-CV-21333, 2023 WL 3392684, at *2 (S.D. Fla. May 10, 2023).

Likewise, the Amended Complaint alleges that:

> 9.      Defendants target their business activities **towards consumers throughout the United States, including Florida and this District** using the operation of Internet based e-commerce stores, such as Amazon.com, via Internet marketplace websites using their Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff.

> 10.      Upon information and belief, Defendants produce and/or distribute products from foreign jurisdictions and ship their goods to fulfillment centers **within the United States** to redistribute their products from those locations **to the American consumer.**

\*\*\*

16.   . . . Defendants purposefully direct their sales of goods, utilizing Plaintiff's Patent, **to Florida residents** by operating through online Platforms that offer shipping **within the United States, including Florida and this District**. . . . Defendants infringe Plaintiff's Patent **in this District** by manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing unauthorized reproductions of Plaintiff's Patent through such Internet based e-commerce stores and fully interactive commercial Internet websites and Plaintiff's claims arise out of these activities.

[ECF No. 8, ¶¶ 9–10; 16 (emphasis added)].

"[A] defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact[.]" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014). As a result, these facts in the Amended Complaint provide a sufficient basis for the Court to exercise personal jurisdiction over the Defaulting Defendants. *See TWOWS, LLC v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 823CV00139WFJMRM, 2023 WL 2837693, at \*2 (M.D. Fla. Apr. 7, 2023) ("[The] [p]laintiff has demonstrated a *prima facie* showing that this [c]ourt has specific personal jurisdiction over the [d]efendants. [The] [d]efendants, alleged to be residing or operating in outside the United States, and are alleged to have committed a tortious act within the state of Florida in satisfaction of Fla. Stat. § 48.193(1)(b).").[4]

---

[4]   *See also Lead Creation Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 8:23-CV-49-CEH-CPT, 2023 WL 1993971, at \*2 (M.D. Fla. Feb. 14, 2023) ("[The] [p]laintiff has demonstrated a *prima facie* showing that this Court has personal jurisdiction over the [d]efendants, who are alleged to be residing or operating in the People's Republic of China, because **the [d]efendants directly target their business activities**

In sum, Plaintiff has demonstrated that this Court has both subject-matter and personal jurisdiction over the Defaulting Defendants.

**c.     No Possibility of Inconsistent Judgments**

In *Daka Research, Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, the court denied without prejudice a motion for default judgment against some (but not all) defendants because "the possibility of inconsistent judgments between the [d]efaulting and [n]on-[d]efaulting [d]efendants weigh[ed] in favor of denying [the] [p]laintiff's request for a default judgment as premature." No. 22-CV-60246, 2022 WL 17583434, at *1 (S.D. Fla. Oct. 27, 2022), *report and recommendation adopted*, ECF No. 73 (S.D. Fla. Mar. 21, 2023).

Notably, the operative complaint in *Daka Research, Inc.* alleged one count of patent infringement against all defendants and contained allegations that the defendants acted in concert with each other to infringe on the plaintiff's patent. *Id.* at 3.[5] Moreover, "[t]he

---

toward consumers in the United States, including Florida.** Specifically, [the] [p]laintiff has provided a basis to conclude that [the] [d]efendants have targeted sales to Florida residents by setting up and operating e-commerce stores that **target United States consumers** using one or more [s]eller [a]liases, offer **shipping to the United States, including Florida**, **accept payment in U.S. dollars** and have sold the same product that infringes directly and/or indirectly [the] [p]laintiff's patent-in-suit **to residents of Florida.**" (emphasis added)).

[5]     Specifically, the operative complaint in *Daka Research, Inc.* alleged that:

[The] [d]efendants "without any authorization or license from [the] [p]laintiff, have **jointly and severally**, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or

[m]otion [for default judgment] . . . [was] silent regarding the allegations in the [operative] [c]omplaint of joint and several liability and the possibility of inconsistent liability between the [d]efaulting and [n]on-[d]efaulting [d]efendants." *Id.*

In contrast, Plaintiff's Amended Complaint does not allege that the Defaulting Defendants are jointly and severally liable or that they worked in concert with each other. Moreover, the Motion explicitly states that "[t]here are no allegations of joint liability or possibility of inconsistent liability between the Defaulting Defendants[.]" [ECF No. 85, p. 1].

Plaintiff's Motion also "[e]xcludes Defendants dismissed to date[.]" *Id.* at 1 n.1. The docket reflects that all Defendants not included in Plaintiff's Motion have been dismissed. Plaintiff explains that the remaining "Defaulting Defendants have not been granted any extensions of time to respond, nor have they served or filed an Answer or other response

---

use products that infringe directly and/or indirectly the [p]laintiff's [p]atents." [It] further allege[d] that: (i) [the] [d]efendants, either individually **or jointly**, operate one or more e-commerce stores; (ii) **[the] [d]efendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites** (such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com) **regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits**; and (iii) [the] [d]efendants are an **interrelated group** of infringers **working in active concert** to knowingly and willfully manufacture, import, distribute, offer for sale, and sell [i]nfringing [p]roducts **in the same transaction**, occurrence, or series of transactions or occurrences.

2022 WL 17583434, at *3 (emphasis added; record citations omitted).

as required by law and a default has been entered against [the] Defaulting Defendants."
*Id.* at 2 (citing ECF No. 56). As a result, the record shows that all Defendants remaining
in the case have defaulted.

Based on Plaintiff's representations to the Court, the Undersigned finds that an
entry of default judgment against the Defaulting Defendants will *not* lead to the
possibility of inconsistent liability. *See Max's Creations, Inc. v. The Individuals, P'ships, &
Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-22920, 2022 WL 104216, at *2
(S.D. Fla. Jan. 11, 2022) (finding "no possibility of inconsistent liability between the
[d]efendants" where "[the] [p]laintiff ha[d] stated in its [m]otion that there [were] no
allegations of joint and several liability with respect to damages" and "**[t]he [d]efendants
remaining in the case ha[d] not appeared and ha[d] defaulted**" (emphasis added));
*Safety Nailer LLC v. Individuals, P'ships , & Unincorporated Ass'ns Identified on Schedule "A"*,
No. 21-CV-22703, 2021 WL 6197744, at *2 (S.D. Fla. Dec. 30, 2021) (finding "a sufficient
basis in the pleading for the default judgment to be entered in favor of [the] [p]laintiff
with respect to the defaulting [d]efendants" when "[the] [p]laintiff ha[d] stated in its
[m]otion that there [were] no allegations of joint and several liability with respect to
damages" and "**[the] [d]efendants remaining in the case ha[d] not appeared and ha[d]
defaulted**" (emphasis added)).

### d.   Liability

In the instant case, Plaintiff alleges that the Defaulting Defendants infringed on the 140 Patent, Plaintiff's utility patent, "by importing, manufacturing, offering for sale, and/or selling [c]ounterfeit [c]opies which infringe on [ ] Plaintiff's Patent." [ECF No. 8, ⁋ 39].[6] "A properly registered patent is presumed to be valid." *Kiss Nail Prod., Inc. v. Shenzhen Jinri Elec. Appliance Co.*, No. CV185625PKCAYS, 2020 WL 4679631, at *5 (E.D.N.Y. July 23, 2020), *report and recommendation adopted*, No. 18CV5625PKCAYS, 2020 WL 4676415 (E.D.N.Y. Aug. 12, 2020) (citing 35 U.S.C. § 282). "[O]vercoming that presumption requires clear and convincing evidence." *Spectrum Pharms., Inc. v. Sandoz Inc.*, 802 F.3d 1326, 1333 (Fed. Cir. 2015).

Under the Patent Act, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a).

"Utility patents may be infringed both literally and under the doctrine of equivalents." *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 700 (Fed. Cir. 2014). The Motion focuses on the latter, contending that "the accused goods

---

[6]     Plaintiff attached a copy of the 140 Patent to the Amended Complaint. *See* [ECF No. 8-1].

perform substantially the same function, in substantially the same way, to obtain the same result as [Plaintiff's Patent.]" [ECF No. 85, pp. 7–8].[7]

"Under [the] doctrine [of equivalents], a product or process . . . may [ ] be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997) (citing *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609 (1950)). "[A]n 'equivalent' differs from the claimed limitation only insubstantially." *Atlas IP, LLC v. JEA*, No. 17-20243-CIV, 2017 WL 5643312, at *8 (S.D. Fla. June 21, 2017) (emphasis omitted) (quoting *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998)). This analysis "proceeds **element-by-element**; a generalized showing of equivalency between the claim as a whole and the allegedly infringing product [ ] is not sufficient to show infringement." *Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282, 1296 (Fed. Cir. 2009) (emphasis added) (citing *Warner-Jenkinson*, 520 U.S. at 29).

To assess substantial equivalence, courts often evaluate whether the two products: (1) "perform[] substantially the **same function**"; (2) "in substantially the **same way**"; (3)

---

[7]    Plaintiff's Amended Complaint states that, "Defendants' Counterfeit Copies infringe directly or indirectly on the Plaintiff's Patent both literally and under the doctrine of equivalents." [ECF No. 8, ¶ 40]. However, the Motion narrows that allegation to address the Defaulting Defendants infringement only under the doctrine of equivalents. Therefore, the Undersigned will not discuss literal infringement.

"to achieve substantially the **same result**[.]" *Id.* (emphasis added) (citing *Graver Tank*, 339 U.S. at 608) (describing the "triple identity test" as "[t]he primary test for equivalency"); *see also, e.g., Zamora Radio, LLC v. Last.FM, Ltd.*, 758 F. Supp. 2d 1258, 1263–64 (S.D. Fla. 2010) (applying the triple identity test to assess patent infringement under the doctrine of equivalents). "[I]f the two [products] fail to be substantially equivalent in even one of the three [components] of the [triple identity] test, then there is no infringement." *In re Dippin' Dots Pat. Litig.*, 249 F. Supp. 2d 1346, 1368 (N.D. Ga. 2003) (citing *Universal Gym Equip., Inc. v. Atl. Health & Fitness Prods.*, 229 U.S.P.Q. 335, 341 (D. Md. 1985), *aff'd in part*, 827 F.2d 1542 (Fed. Cir. 1987)), *aff'd sub nom. Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197 (11th Cir. 2004).

Here, Plaintiff provided the Court with a supplemental memorandum illustrating the comparisons between the 140 Patent and the alleged infringing products. [ECF No. 89-2]. The memorandum addresses how the alleged infringing products perform substantially the same function in substantially the same way to achieve substantially the same result. Additionally, it describes how the accused infringing products feature at least claim 1 from the 140 Patent through an element-by-element comparison.[8] Claim 1 includes:

> A waterproof pad, including a pad body (1) and a waterproof fence (2), wherein the waterproof fence (2) is arranged around an edge of the pad body (1), the pad body (1) is further provided with a drainage hole (3), and

---

[8]     Plaintiff's Patent includes twenty claims. [ECF No. 8-1 pp. 11-12].

the drainage hole (3) is located close to the waterproof fence (2); and
wherein the drainage hole (3) is in a convex shape when receiving water,
and the drainage hole (3) is folded downward to be in a concave shape
when draining water.

[ECF No. 8-1, p. 11].

Plaintiff states that "the infringing goods[] consist of an under sink pad/mat, that
is waterproof, designed to receive water and with a drainage hole in a convex shape that
when folded/pushed downward into a concave shape, allows any collected water to be
drained." [ECF No. 89, p. 3]. Thus, Plaintiff's Amended Complaint, the Motion, together
with its supplemental materials (including the thorough element-by-element
comparisons), sufficiently establish utility patent infringement under the doctrine of
equivalents for most of the Defaulting Defendants.[9] *See Goodwall Const. Co. v. Beers Const.
Co.*, 991 F.2d 751, 757–58 (Fed. Cir. 1993) (affirming a trial court's finding of patent
infringement under the doctrine of equivalents when the accused process "perform[ed]
substantially the same function in substantially the same way, to achieve substantially
the same result as the [patented] claims" (citing *Malta v. Schulmerich Carillons, Inc.*, 952
F.2d 1320, 1325 (Fed. Cir. 1991))).

However, Plaintiff's submissions are insufficient with respect to Defendant No. 64
because Plaintiff neglected to include **any** element-by-element analysis of Defendant No.
64's product discussing how the claim 1 limitations are present in the accused product.

---

[9]      Defendants Nos. 14, 19, 23, 25, 33, 34, 40, 49, 53-6, 67, 72, 74, 75, 77, 79.

*See Karmagreen, LLC v. MRSS Inc.*, No. 1:21-cv-00674-WMR, 2021 WL 7709160, at *6 (N.D. Ga. Nov. 26, 2021) ("[D]octrine of equivalents contentions require some explanation of how the accused product is equivalent under the prevailing legal test."); *see also Arlaine Gina Rockey, Inc., v. Cordis Corp.*, No. 02–22555–CIV, 2004 WL 5504978, at *44 (S.D. Fla. Jan. 5, 2004) ("Conclusory assertions that an accused product performs the same function in the same way to achieve the same result are not enough [to prove infringement under the doctrine of equivalents.]").

In sum, Plaintiff's submissions and allegations, deemed admitted by virtue of the default, establish that all of the Defaulting Defendants (aside from Defendant No. 64) are liable for utility patent infringement.[10]

### e.      Relief

"Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages." *Gov't Emps. Ins. Co. v. Compass Med. Ctrs. Inc.*, No. 21-CV-23623, 2022 WL 17653816, at *2 (S.D. Fla. Nov. 10, 2022), *report and recommendation adopted*, No. 21-23623-CIV, 2022 WL 17602650 (S.D. Fla.

---

[10]      The Undersigned required [ECF No. 91] Plaintiff to file a supplemental memorandum addressing the inconsistency between an image including a reference to a "drain hole design" (and images seemingly reflecting that the drain hole design was present) with language saying that a drainage hole is "not" present. Plaintiff then submitted a second memorandum, with a supporting declaration, explaining that the language about the drainage hole not being present "was an inadvertent mistake." [ECF No. 93, p. 1]. The declaration [ECF No. 93-1] is from Songhua Li, who explained that he "inadvertently and mistakenly typed 'drainage hole is not present.'"

Dec. 13, 2022). Even in the default judgment context, the Court "has an obligation to assure that there is a legitimate bases for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2688 at 58–59 (3d ed. 1998)).

Here, the Amended Complaint sought equitable relief, monetary damages, attorney's fees, and costs. [ECF No. 8, pp. 8–10]. In the instant motion, however, Plaintiff seeks only the entry of a permanent injunction. [ECF. No. 85, pp. 9–11].

### *Injunctive Relief*

Plaintiff seeks entry of a permanent injunction against the Defaulting Defendants. [ECF No. 85, p. 9]. However, the Undersigned's discussion of injunctive relief is limited to those Defaulting Defendants liable for patent infringement.[11] *See Enpat, Inc. v. Budnic*, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011) ("Once liability is established, the court then turns to the issue of relief.").

---

[11]     Defendants Nos. 14, 19, 23, 25, 33, 34, 40, 49, 53-6, 67, 72, 74, 75, 77, 79.

A court may award injunctive relief in patent infringement cases. *See Daka Rsch., Inc.*, 2023 WL 5310240, at *4 (noting that "[p]ermanent injunctive relief to prevent continued patent infringement is appropriate" where the required factors are met); *Unilin Beheer B.V. v. U.S. Wood Flooring, Inc.*, No. 17-60107-CIV, 2017 WL 5953423, at *6 (S.D. Fla. June 22, 2017) ("In a patent infringement action, a district court 'may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.'" (quoting 35 U.S.C. § 283)). Moreover, "[i]njunctive relief is available in a default judgment setting." *XYZ Corp.*, 668 F. Supp. 3d at 1275 (citing *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004)).

To obtain a permanent injunction, Plaintiff must show: (1) irreparable injury; (2) an inadequate remedy at law; (3) that the balance of hardships weighs in favor of issuing an injunction; and (4) the issuance of an injunction would not disserve the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

Here, Judge Scola already entered a preliminary injunction against the Defaulting Defendants. [ECF No. 22]. The Court found that Plaintiff had a strong probability of proving infringement at trial. *Id.* at 3. Judge Scola also concluded that Plaintiff was likely to succeed on the merits of its claim; that Plaintiff would likely suffer irreparable injury without a preliminary injunction; that the threatened injury to Plaintiff outweighs the

harm that would be inflicted upon the Defaulting Defendants; and that entry of a preliminary injunction would serve the public interest. *Id.* at 3–4. As such, the Court entered a preliminary injunction against the Defaulting Defendants.[12] *Id.* at 4–5.

In the Motion, Plaintiff addresses each factor discussed by the *eBay* Court.

First, the Motion demonstrates that "Plaintiff's goodwill has been damaged, there has been [loss] of quality control [ ] and Plaintiff will continue to suffer irreparable injury as a result of [the Defaulting] Defendants' infringing activities." [ECF No. 85, p. 9 (citing ECF No. 10, ¶¶ 20–21)]. For the Defaulting Defendants which Plaintiff has established liability, Plaintiff has shown that they "have unlawfully used the Plaintiff's Patent goodwill to make a profit and will likely continue their behavior unless the Court order permanent injunctive relief." *Id*.

Second, Plaintiff establishes that it "has no adequate remedy at law so long as [the Defaulting] Defendants continue to use Plaintiff's Patent in connection with the operation of [the Defaulting] Defendant[s'] e-commerce stores because Plaintiff will have no control [over] the use of its intellectual property in the marketplace." *Id*. at 10; *see Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 190 (11th Cir. 2005) (noting that "[g]rounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill.

---

[12]     The Court's dissolution of the preliminary injunction applied only to Defendants Nos. 2, 4, 12, and 13 (*i.e.*, none of the Defaulting Defendants). [ECF No. 72].

Irreparable injury can also be based upon the possibility of confusion." (citation omitted)).

Moreover, "[a]n award of money damages alone will not cure the injury to Plaintiff's rights, reputation[,] and goodwill if [the Defaulting] Defendants' infringing actions continue." [ECF No. 85, p. 10]; *see Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1290 (S.D. Fla. 2016) ("[The] [p]laintiff has no adequate remedy at law so long as [the] [d]efendants continue to operate the [s]ubject [d]omain [n]ames and [s]eller IDs because [the] [p]laintiff cannot control the quality of what appears to be its products in the marketplace. An award of money damages alone will not cure the injury to [the] [p]laintiff's reputation and goodwill that will result if [the] [d]efendants' infringing and counterfeiting actions are allowed to continue." (record citation omitted)).

Third, in the balance of hardships, "it can hardly be said that [the Defaulting] Defendants face hardship in refraining from their willful infringement of [Plaintiff's Patent], whereas Plaintiff faces hardship from loss of sales and its inability to control the use of [ ] Plaintiff's [p]atent rights." [ECF No. 85, p. 10]; *see Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1264 (S.D. Fla. 2019) (finding that the balance of harms favored the issuance of a permanent injunction where "[the] [p]laintiff face[d] hardship from loss of sales and its inability to control its reputation in the marketplace," whereas "[the] [d]efendants face[d] no hardship if they [were] prohibited from the infringement of [the] [p]laintiff's trademarks, which is an illegal act").

Fourth, "the public has an interest in the issuance of a permanent injunction against [the Defaulting] Defendants in order to prevent consumers from being misled by [the Defaulting] Defendants' products." [ECF No. 85, p. 10]; *see Mantua Mfg. Co. v. Irize Mattress, Inc.*, No. 20-25036-CIV, 2021 WL 3375837, at *5 (S.D. Fla. Feb. 24, 2021) ("The public interest is served by the entry of a permanent injunction in that further confusion and mistake by the public will be prevented."); *see also Sensormatic Elecs. Corp. v. TAG Co. US, LLC*, 632 F. Supp. 2d 1147, 1182 (S.D. Fla. 2008) ("The Federal Circuit has recognized that the public interest is served by strong patent protection." (citing *Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006))), *aff'd in part*, 367 F. App'x 143 (Fed Cir. 2010).

Therefore, regarding the Defaulting Defendants against whom entry of final default judgment is appropriate[13], Plaintiff has shown entitlement to permanent injunctive relief. The Undersigned **respectfully recommends** that the Court enter a permanent injunction against the Defaulting Defendants[14] consistent with the terms listed in Plaintiff's proposed final default judgment and permanent injunction. [ECF No. 84-4].

---

[13]    Defendants Nos. 14, 19, 23, 25, 33, 34, 40, 49, 53, 54, 55, 56, 67, 72, 74, 75, 77, 79.

[14]    This is not including Defendant No. 64. However, the Undersigned notes that the preliminary injunction against Defendant No. 64 remains in effect "until further court Order." [ECF No. 22, p. 6].

## IV.     Conclusion

For the foregoing reasons, the Undersigned **respectfully recommends** that the Court **grant in part and deny in part** Plaintiff's Motion. The Court should enter final default judgment and a permanent injunction against most of the Defaulting Defendants.

Accordingly, the Court should not issue an order for the clerk to release Plaintiff's $10,000.00 bond because Plaintiff is not entitled to final default judgment against Defendant No. 64. *See* ECF No. 16, p. 7 ("[P]laintiff shall post a bond in the amount of **Ten Thousand Dollars and Zero Cents ($10,000.00)**, as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, **during the pendency of this action**, or until further Order of the Court." (second emphasis added) (citing Fed. R. Civ. P. 65(c))).[15]

## V.     Objections

The parties will have 7[16] days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 7 days

---

[15]     However, if Plaintiff files either a Notice of Voluntary Dismissal as to Defendant No. 64 or the Court grants a supplemental motion for default judgment meeting the standards previously discussed, then the Undersigned respectfully recommends that the Court instruct the clerk to release the $10,000.00 bond to Plaintiff.

[16]     The Undersigned is shortening the deadlines because each of the Defaulting Defendants have defaulted, and it therefore appears unlikely that they will respond in any way, including the filing of Objections.

of the objection. Failure to file objections timely shall bar the parties from a de novo

determination by the District Judge of an issue covered in the Report and shall bar the

parties from attacking on appeal unobjected-to factual and legal conclusions contained in

the Report except upon grounds of plain error if necessary in the interests of justice. *See*

29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d

790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

  **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on July 24,

2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies Furnished to:</u>**
The Honorable Robert N. Scola Jr.
All Counsel of Record