United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Shenzhen Hengzechen Technology Co., Ltd., Plaintiff, <br><br> v. <br><br> The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A", Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 23-23380-Civ-Scola <br> ) <br> ) <br> ) <br> ) <br> ) |

## Order Adopting Magistrate Judge's Report and Recommendations

This matter comes before the Court on the Plaintiff's motion for default judgment. (Mot., ECF No. 85.) The Plaintiff, in its amended complaint, brought one count of utility patent infringement against the Defendants identified on Schedule "A". (Am. Compl., ECF No. 8.) The Plaintiff alleges the Defendants infringed its utility patent for a "waterproof pad and waterproof structure for a cabinet under a sink with a drainage hole feature." (*Id.* ¶2.) The Plaintiff moved for default judgment against the Defaulting Defendants.[1] (ECF No. 85.) Plaintiff's motion was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations. (Court's Ref., ECF No. 86.)

Judge Goodman issued a report, recommending the Court grant in part and deny in part Plaintiff's motion. (R&R, ECF No. 94.) Specifically, Judge Goodman recommended the Court grant the Plaintiff's motion and enter final default judgment and a permanent injunction against all of the Defaulting Defendants except Defendant No. 64. (*Id.*) Judge Goodman also recommended the Court deny Plaintiff's request for the release of its $10,000 bond unless Defendant No. 64 is dismissed from this case. (*Id.*) Defendant No. 64 was subsequently dismissed from this case. (ECF No. 96.) Neither the Plaintiff nor any of the Defendants filed objections to the R&R, and the time to do so has passed.

A district court judge must conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Where no objections are made, a

---

[1] At the time of this Order, there are eighteen Defaulting Defendants: Defendants No. 14, 19, 23, 25, 33, 34, 40, 49, 53, 54, 55, 56, 67, 72, 74, 75, 77, and 79. Defendant No. 10 was dismissed after the motion was filed but before the R&R was issued (ECF No. 92), and Defendant No. 64 was dismissed following the R&R. (ECF No. 96.)

report may be adopted in full without conducting a de novo review, provided no plain error exists. *See id.*; *Menendez v. Naples Cmty. Hosp. Inc.*, No. 2:20-CV-898-SPC-MRM, 2021 U.S. Dist. LEXIS 215317, 2021 WL 5178496, at *1 (M.D. Fla. Nov. 8, 2021) (collecting cases).

      The Court has considered Judge Goodman's report, the record, and the relevant legal authorities. The Court finds Judge Goodman's report and recommendations cogent and compelling. The Court **affirms and adopts** Judge Goodman's report and recommendations. (**ECF No. 94.**) Because Defendant No. 64 has been dismissed from this case, the Court **grants** Plaintiff's motion for default judgment against all of the remaining Defaulting Defendants: Defendants No. 14, 19, 23, 25, 33, 34, 40, 49, 53, 54, 55, 56, 67, 72, 74, 75, 77, and 79. (**ECF No. 85.**) Accordingly, the Court **enters** final default judgment and a permanent injunction against the Defaulting Defendants. Further, because Defendant No. 64 was dismissed, the Court **orders the release** of Plaintiff's $10,000 bond.

      **Done and ordered** at Miami, Florida on August 22, 2024.

                                                    _____
                                                  Robert N. Scola, Jr.
                                                  United States District Judge